■ EVELYN BRODY, Appellant, v. BARNIE BRODY, Respondent.— Order, entered October 1, 1962, confirming the report of Official Referee and granting defendant's motion to amend judgment of separation to reduce the alimony and support payments, unanimously modified, on the law and the facts, to provide that defendant shall pay to the plaintiff the sum of $370 per week for the support and maintenance of the plaintiff and of the children, Clifford and June, commencing as of November 28, 1961, in lieu of the sum of $320, as provided in said order; and said order otherwise affirmed, with $30 costs and disbursements to plaintiff-appellant. The judgment of separation, providing for weekly payments of $420 by the defendant for the support and maintenance of the plaintiff and three children of the marriage, was entered in September, 1958. About three years later, the defendant brought on this application seeking a reduction of the weekly payments on the ground of a change of circumstances. Ordinarily, there would be no justification for seeking a modification of the decree so soon after it was rendered except upon a showing of a substantial change of circumstances not within the contemplation of the parties at the time of settling and entry of the decree. It is not sufficient for the defendant simply to show the passage of such a period of time during which one of the children had attained majority and during which another child has entered college with the defendant directly paying his support there as provided in the judgment. (Cf. *Liebmann* v. *Liebmann,* 19 A D 2d 821.) These were matters within the contemplation of the parties at the time of the entry of the judgment, and, under the circumstances here, did not entitle the defendant automatically to a reduction of the alimony as originally fixed. (See *Peters* v. *Peters,* 14 A D 2d 778; *Sloan* v. *Sloan,* 286 App. Div. 1102; *Judd* v. *Judd,* 235 N. Y. S. 2d 117.) Concededly, at the time of the rendition of the judgment the defendant was and still is a man of substantial means, and, on the basis of his income then, was and still is well able to support and maintain the plaintiff and his children in accordance with the preseparation mode and style of living. The defendant did not then and does not now deny his obligation to so support his family but, rather, contends that the needs of his wife and children have substantially decreased. This is not a case where the husband's obligation should be revised in the light of the wife's acquiring comparatively small capital assets and her securing gainful employment since the rendition of the decree. Under the circumstances here, the wife's financial position is not a factor for consideration in determining whether or not there should be a reduction in the previously fixed alimony and support payments. (Cf. *Phillips* v. *Phillips,* 1 A D 2d 393, affd. 2 N Y 2d 742; see *Hunter* v. *Hunter,* 10 A D 2d 291, 296.) A wife, separated by decree from her husband, should be encouraged to devote her energies in an effort to make herself economically useful. Her right to support under the decree at the hands of her husband should not be limited merely because, in an effort to promote self-respect and to acquire a measure of independence and future security, she seeks to keep intact her capital assets and she devotes herself to some employment or occupation resulting in earnings, small or large. In view, however, of the fact that one child of the marriage is now self-supporting, and upon due consideration of the evidence with respect to the needs of the plaintiff to *maintain herself and the dependent children in accordance with the preseparation standard of living,* we have concluded that the sum of $370 a week is a fair and proper allowance to be paid by the defendant. Settle order on notice. Order, entered October 10, 1962, denying motion of plaintiff to increase alimony and support payments, unanimously affirmed, without costs. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.