THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID I. DARDEN, Appellant.— Judgment unanimously affirmed. Memorandum: Defendant was indicted for criminal possession of a dangerous drug in the second degree. After his motion to suppress evidence had been denied, he entered a plea of guilty to the reduced charge of criminal possession of a dangerous drug in the third degree. Defendant's arrest had been based on a tip from a previously reliable informant that heroin would be brought into Rochester by a man fitting a description of defendant who was arriving on a late plane from New York City. The People assert that the arrest was lawful and that the search of the defendant's attache case was incident to a lawful arrest. Defendant argues that failure to disclose the identity of the informant deprived him of a fair hearing on the question of probable cause of the police to arrest him. We find that the testimony of the police officers, which was subject to cross-examination, informed the trial court of the underlying circumstances upon which the officers concluded that the informant was "credible" and his information "reliable". These arresting officers' independent verification in the streets of the undisclosed informer's report that the supply of heroin in the Rochester area was low and of an impending arrival of a large shipment of heroin, and appellant's failure to produce any identification to these officers upon being stopped in the airport, together with the fact that defendant's physical appearance and dress coincided in every detail with those supplied by the informer, provided reasonable cause for the arrest. (See, People v. Castro, 29 N Y 2d 324; United States v. Mehciz, 437 F. 2d 145 cert. den. 402 U. S. 974; People v. Malinsky, 15 N Y 2d 86; see, also, Adams v. Williams, 407 U. S. 143 [June 12, 1972]; McCray v. Illinois, 386 U. S. 300, 304; People v. Glen, 30 N Y 2d 252, 257–258; People v. Reisman, 29 N Y 2d 278, 283–284.) The search of the attache case was a proper incident of the arrest (Chambers v. Maroney, 399 U. S. 42; United States v. Mehciz, supra). (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of dangerous drug, third degree.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.

ELSIE B. BOYD, Respondent, v. EARNEST L. BOYD, Appellant. — Order unanimously affirmed, without costs. Memorandum: Since the decree of divorce rendered by Supreme Court did not proscribe the exercise of jurisdiction by Family Court, the latter court had authority to entertain the application for enforcement and modification of the support provision of the decree (Family Ct. Act, § 461, subd. [b]; § 466, subd. [c]; Desroches v. Desroches, 23 A D 2d 903). The proof before it, showing that appellant had incurred obligations for non-necessities since his remarriage, fully justified the court's refusal to reduce the already minimal support provisions for the children of his first marriage. (Appeal from order of Wayne County Family Court directing payments for support and counsel fees.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.

In the Matter of the Arbitration between CONGEL-HAZARD, INC., Appellant, and JOHN S. MACNEILL, JR., Respondent. JOHN S. MACNEILL, JR., Respondent, v. CONGEL-HAZARD, INC., Appellant. (Appeal No. 1.) — Order unanimously affirmed, with costs. (Appeal from order of Onondaga Special Term, denying motion to stay arbitration.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.