■ MAUREEN ELYACHAR, Respondent, v. DANIEL ELYACHAR, Appellant.— In an action in which plaintiff was granted a judgment of divorce, dated January 5, 1973, by the Supreme Court, Westchester County, defendant appeals from an order of the same court, entered July 20, 1973, which, upon plaintiff's motion to modify the judgment so as to authorize a sale of the real property described in the judgment, referred the motion to Special Term, Part 5-A, " to hear and determine the issues involved." Order reversed, without costs, and motion denied. This divorce action was commenced by plaintiff in April of 1971. In May of 1971 defendant commenced a different action against plaintiff to compel a reconveyance to defendant of plaintiff's joint interest in the parties' marital home and for a declaration that defendant was the sole owner of the home and its furnishings. By order of November 27, 1972 the two actions were consolidated and defendant's complaint was deemed a counterclaim in the divorce action. After the taking of evidence in the divorce action, the trial court set a date for trial of the counterclaim. Both parties and their respective counsel remained in the courthouse after the court had adjourned and they negotiated a settlement to compromise all the matters involved in both actions. After being advised of the compromise by the parties, the Trial Justice returned and a formal stipulation was spread upon the record. The terms of the

stipulation were thereafter included in the judgment of divorce, which *inter alia* (1) recites that defendant withdrew his counterclaim and (2) directs that plaintiff shall advance mortgage and tax payments for the marital home, with reimbursement to her to be made either out of rental income or proceeds of a sale of the home. On March 29, 1973, plaintiff made the motion under review to modify the judgment so as to authorize the immediate sale of the marital home and acceptance of an offer of $127,000. We have reviewed the record and find that there is no basis for a claim of fraud, inadvertence, mistake or collusion with respect to the stipulation agreed to by the parties and their respective attorneys and entered upon the record in open court. Damages claimed by plaintiff are illusory, since the advancements made by her, as above stated, are to be adjusted at the time of the sale of the realty. The granting of plaintiff's motion would permit her to retain the benefits of the stipulation and disregard the obligations voluntarily assumed. Our courts have traditionally been extremely cautious in dealing with requests of parties to withdraw from stipulations which put an end to litigation. As this court stated in *Bond* v. *Bond* (260 App. Div. 781, 782): " It is well settled that the court has power to relieve a party from a stipulation in a situation which is unjust or harsh even when fully understood and authorized. (*Humphries* v. *Shapiro*, 187 App. Div. 96.) But where the stipulation is entered into in open court as this one was, in the presence of the parties and their counsel, it partakes of the nature of a contract and can be set aside on no less grounds." Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.