■ GERALD SWARTZ, Appellant, v. ESTHER G. SWARTZ, Respondent. Order unanimously affirmed, with costs. Memorandum: The appellant husband appeals from a denial of his petition for a downward revision of alimony which he is required to pay respondent, his former wife, under the terms of a separation

agreement which was incorporated by reference, but not merged, in a Mexican judgment of divorce. The appellant argued in Family Court that his former wife's financial circumstances and income have improved substantially in the intervening years and that he has remarried and has a family. The Family Court is empowered to entertain appellant's application to modify the Mexican decree of divorce (*Matter of Seitz* v. *Drogheo*, 21 N Y 2d 181) and may grant such application upon proof that there has been "a subsequent change of circumstances" and that "modification is required" (Family Ct. Act, § 466, subd. [c], par. [ii]). In *McMains* v. *McMains* (15 N Y 2d 283) the Court of Appeals remitted for determination on the facts a request for an upward revision of alimony provided for in a divorce decree predicated on a separation agreement which survived the decree. In so doing the court stated: "That a separation agreement valid and adequate when made and which contains a nonmerger agreement continues to bind the parties when its terms as to support have been written into a subsequent divorce judgment but that this does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge [citations omitted]." (*Id.*, pp. 284–285.) A downward revision of alimony provided in a separation agreement incorporated into a divorce decree has also been directed (*Goldman* v. *Goldman*, 282 N. Y. 296). The reason for such modification was based upon the fact that the wife whose alimony was thus reduced was free to sue the husband in a plenary action on the contract to collect the difference between the amount provided for in the separation agreement and the reduction directed by the court (see *King* v. *Schultz*, 29 N Y 2d 718). With such right retained by her, a court-ordered modification does not effect an impairment of any contract right. The facts are undisputed. They reveal that appellant and respondent were married on August 24, 1952 and divorced 13 years later on September 21, 1965 at which time they had two children, now aged 14 and 12. The separation agreement was executed by each of them on August 6, 1965. Both parties were represented by experienced counsel. At that time their joint income tax returns showed that the wife had no earnings and appellant husband was earning $73,000 as a surgeon in the field of opthamology. The appellant husband incorporated himself, and his professional corporation (PC) revenues for 1971 were $191,414. His gross income from his medical practice that year was $72,000 and including capital gains, amounted to $92,000. His medical salary and dividend income for 1972 was $76,000. Following the divorce the respondent wife completed college and went on to graduate school, earning an M. A. in English. She now has a position at SUNY-Buffalo and her earnings are about $13,000, including interest on a savings account. Her only other asset is the equity in her home. The wife testified that prior to the separation the appellant agreed that she and their two children would live in the same mode and style to which they had become accustomed and that it would be to his advantage — tax-wise — to pay most of the family support to her as alimony. The separation agreement thus provides that the husband shall pay her $1,217 monthly as alimony ($17,000 annually) and $100 per month for each child. The husband and wife testified that at the time they entered into the separation agreement both contemplated that the wife would become gainfully employed after further education. To that end the agreement provides, in paragraph No. 9, that "the husband shall pay one-half of all reasonable tuition expense incurred by the wife for the purpose of training and preparing herself for gainful occu-

pation or employment". The rule to be applied in order to determine whether the subsequent change of circumstances requires a modification involves "a nice but realistic balancing of the wife's needs and her independent means for meeting them with the husband's abilities to pay" (*Phillips* v. *Phillips*, 1 A D 2d 393, 396, affd. 2 N Y 2d 742). Regard must be given to the financial resources of each of the parties considered separately (*Lake* v. *Lake*, 194 N. Y. 179, 183). The financial circumstances of the wife are a relevant, although not controlling, factor to guide the court's discretion upon an application for modification of alimony (see *Kover* v. *Kover*, 29 N Y 2d 408). While the Family Court had jurisdiction to modify the Mexican divorce decree, we can perceive of no reason why its power should be exercised upon the facts of this case. There is no serious argument made by the appellant that his remarriage is such a change of circumstances as would warrant a reduction in alimony upon the proof in this record which reveals that his income is at least as great now as it was at the time the separation agreement was entered into (*Matter of Windwer* v. *Windwer*, 33 N Y 2d 599, affg. 39 A D 2d 927). The only subsequent change in circumstances to be considered is that in 1965 when the agreement was executed the wife had no earnings and was to be paid yearly alimony in the amount of $17,000; and that she now has an income of approximately $13,000 in addition to the alimony paid her. While this is undoubtedly "a subsequent change of circumstances", it is not sufficient in our view, considering the present substantial means of the husband and the pre-separation mode of living of the parties, to require a modification. Further, we have concluded that it was within the contemplation of the parties at the time they entered into the separation agreement which provided for the wife's education that she would become gainfully employed. This bilateral arrangement between the parties obviously involved not only the execution of the separation agreement, but also the consensual divorce in Mexico. After going to Mexico to obtain the divorce in September, 1965 the husband promptly remarried during that same month and may not now disclaim the full obligation of alimony which he undertook as his part of the agreement, merely because his wife has secured advantageous employment (cf. *Brody* v. *Brody*, 22 A D 2d 646, affd. 19 N Y 2d 790). Finally, we see no reason to disturb the exercise by the trial court of the broad discretion conferred upon it by the statute to award counsel fees to the former wife (Family Ct. Act, § 438). (Appeal from order of Erie Family Court denying motion to modify divorce decree.) Present — Marsh, P. J., Witmer, Cardamone and Del Vecchio, JJ.