Edward J. McLaughlin, J.
The above-named petitioner was the original defendant in a matrimonial action which resulted in a decree of divorce being entered by the Supreme Court of this county on January 18, 1974. The alimony provision of that divorce decree was made into an order of the Family Court on December 2, 1974, as a result of the filing of a Family Court petition to enforce the provisions of the decree. The petitioner now seeks to modify the Family Court order pursuant to section 171 of the Family Court Act. The alimony provision itself was originally contained in a separate agreement entered into by the parties and incorporated but not merged in the decree.
The modification petition, filed in this court and dated March 11, 1975, requests a reduction in the amount of support on three grounds: (1) that the present amount of $220 per week is excessive in respect to the respondent’s needs; (2) the petitioner has had a substantial decrease in his income; (3) the petitioner is remarried; has offspring from his present marriage, and has also adopted his present wife’s child of a prior marriage.
The issues which this case presents to the court are similar to those in Swartz v Swartz (43 AD2d 1012) and Brody v Brody (22 AD2d 646, affd 19 NY2d 790).
The court in Swartz v Swartz (supra) used three criteria to determine if the change in the parties’ circumstances were sufficient to justify the modification of an existing order of support. The criteria were: (1) the former wife’s needs; (2) her independent means for meeting them; and (3) the former husband’s abilities to pay.
The former husband in the case now before the court seeks downward modification on the grounds, inter alla, that respondent has had a decrease in her needs, particularly in the area of housing. Respondent has effected the decrease by moving from a large residence to a more modest one. This has resulted in considerable savings in upkeep, which savings respondent has deposited in interest-bearing accounts.
The right of an ex-wife to strive for a measure of financial *668 security without limiting her right to the full amount of the alimony payment has been recognized in Brody v Brody (supra). In the Brody case (supra), the ex-husband requested a decrease in the alimony award, due to the fact that his former wife had become employed after the court made the award. At page 646, the court held that a wife’s "right to support under the decree at the hands of her husband should not be limited merely because, in an effort to promote self-respect and to acquire a measure of independence and future security, she seeks to keep intact her capital assets, and she devotes herself to some employment or occupation resulting in earnings, small or large.”
The principle of Brody v Brody is not intended to be limited in application only to instances where the wife obtains subsequent employment. It also extends to instances where the wife has voluntarily reduced her personal expenses and converted the savings into more profitable holdings in order to secure her future.
The former husband claims that as part of the separation agreement, the family house and its furnishings were sold. The proceeds which the respondent received as her share from the sale provided a fund which she has invested. Petitioner now asserts that she must look first to this fund to satisfy her needs before seeking support from him.
This court holds that the proceeds from the sale were a direct result of the separation agreement, and the order of judgment of divorce. Therefore, the fund is not an intervening substantial change in the former wife’s circumstances. (Kover v Kover, 29 NY2d 408; Seeberg v Seeberg, 50 AD2d 713.) Rather, it is simply a change in the form of assets the respondent had at the time of the prior order from real and personal property to cash.
At the time of the separation agreement and decree, petitioner had an income approximating $40,000 per year. The court is not unaware that the substantial perquisites received by petitioner from his employer, e.g., country club membership, automobile, generous entertainment allowance, are actually used by the employer as a conduit for increasing petitioner’s income without having it appear as salary, a situation somewhat analogous to Kay v Kay (37 NY2d 632). Further, according to the petitioner at the time of the divorce, he planned to marry his present wife, who was employed, and he *669 looked to her income and it was on this basis that petitioner agreed to the terms of the separation agreement.
After petitioner’s second marriage, his present wife became pregnant and was forced to leave her employment. Accordingly, the total income of his present family was reduced but his salary remained the same.
The issue before this court is, can the voluntary relinquishment of employment of the second wife due to the birth of a child be interpreted by the court as a reduction in his income? The answer is, no.
At the time of the decree, the amount of alimony was based upon petitioner’s individual means and the income of his then fiancee could not be used as a basis for determining his ability to pay alimony. Since his second wife’s income was not incorporated into the determination of the amount of alimony awarded, it follows that the loss of that income cannot form the basis for a reduction in the amount of that alimony.
As a final ground, petitioner seeks to decrease the respondent’s alimony because he has remarried and now has children to support from that marriage. In Matter of Windwer v Windwer (39 AD2d 927, 928, affd 33 NY2d 599), the Second Department held, "A divorced husband’s remarriage and a child born of this remarriage are not such circumstances as would warrant a reduction in support provisions, where the husband’s income remains unchanged”. This statement has been interpreted as excluding the inference that remarriage and its offspring is one factor weighing for a finding of a change of circumstances in a balancing of factors test to be used by the court to modify a divorce decree (Swartz v Swartz, 43 AD2d 1012, supra).
In the Swartz case, the Fourth Department had before it a divorced husband who had a child from his remarriage. Furthermore, the divorced wife became employed subsequent to the divorce decree. The ex-husband wanted a reduction upon the grounds that he was remarried with offspring therefrom, and that the wife had an increase in her income. The Appellate Court handled these as two distinct issues and dismissed the remarriage issue under the authority of Windwer v Windwer (supra). Therefore, the Windwer rule is that a second family is a factor for the court to consider in determining the amount of the reduction — not whether he is entitled to a reduction in the first instance. Restated, once the former husband demonstrates a reduction in income sufficient to *670 justify a downward modification of the award of alimony, he may then introduce the needs of the second family as a factor in determining the extent of that modification.
Since this petitioner has failed to sustain a showing of a reduction of income, the court may not consider his present obligation to the second family as a basis for a downward modification. Now, therefore, it is ordered, that the petition dated March 11, 1975 be and it is hereby dismissed.