■ FRANCINE V. KURTZ, Respondent, v ROBERT S. KURTZ, Appellant. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: These are three appeals from orders of Erie County Family Court which directed respondent-appellant Robert S. Kurtz to pay $4,932.62 in arrears and $231.73 per week alimony and support, denied him relief from payment of support and granted petitioner-respondent's Francine Kurtz, motion pursuant to section 460 of the Family Court Act to enter judgment for arrearages due. The parties were married on November 27, 1954 and have two sons. On December 21, 1973 Erie County Supreme Court granted Francine Kurtz a default divorce on the grounds of cruel and inhuman treatment. The decree incorporated without merger a separation agreement executed by the parties on January 10, 1973, as modified on January 15, 1973 and as amended on August 3, 1973. The ex-wife by order granted March 3, 1976 required the ex-husband to show cause pursuant to section 244 of the Domestic Relations Law why a money judgment should not be entered in her favor. The ex-husband made a cross motion for an order modifying the judgment of divorce. Following a hearing on the order to show cause and cross motion, Family Court ordered the ex-husband to pay arrears and commence immediately regular payments of alimony and support as provided in the judgment of divorce and agreements incorporated therein. Thereafter on November 17, 1976 the ex-wife petitioned pursuant to section 454 of the Family Court Act for an order of violation of the support order. Following a second hearing the Family Court dismissed the petition as a nonwillful violation of the order of the court; however, it refused to modify the judgment and decree of divorce. Finally, the ex-wife made application pursuant to section 460 of the Family Court Act for a money judgment. Family Court granted the motion since the ex-husband continues to be in arrears on payments due under the divorce decree. Even though the separation agreement was not merged with the divorce decree, courts have the power where there has been a substantial change of circumstances to modify the decree. Such modification of the decree leaves the nonmerged separation agreement still in existence as a contract (McMains v McMains, 15 NY2d 283; Goldman v Goldman, 282 NY 296; Seeberg v Seeberg, 50 AD2d 713). Thus, even were the court to modify the divorce decree, the wife could still sue on the separation agreement. In any event, we find that the ex-husband has not demonstrated that there has been a substantial change of circumstances since the divorce decree to warrant modification. The record discloses that, although the ex-husband claims a reduction in net income, there has been a continuous rise in his gross income from $52,681 in 1971 to $69,910.90 in 1975. Clearly, he is not destitute (cf. Goldman v Goldman, 282 NY 296, supra). The remarriage of the ex-husband and his subsequent court ordered alimony and child support payments do not serve under these circumstances as a valid change of circumstances (see Boyd v

*Boyd,* 40 AD2d 588). Finally, the earnings of the ex-wife do not affect the requirement of the ex-husband to pay. The separation agreement specifically provides that "Each may for his or her separate benefit, engage in any employment, business or profession as he or she may choose" (see *Swartz v Swartz,* 43 AD2d 1012). Further, the wife at the time of the hearing was unemployed and has been unable to obtain suitable employment. The Family Court's holding in the section 454 proceeding is not inconsistent with its prior and subsequent orders denying modification and forgiveness of arrearages. In order for a court to determine that there has been a violation of a prior order in a section 454 proceeding, it must conclude that the failure to make the support payments was willful *(D'Angelo v D'Angelo,* 57 AD2d 1042; *Matter of Hall,* 35 AD2d 758). The mere fact that the court rules that the failure to pay court ordered payments was not willful and, therefore, does not subject the delinquent payor to incarceration does not necessitate a modification of the divorce decree. Finally, we find that Family Court acted within its discretion in denying the ex-husband's application for forgiveness of arrears since the record as a whole does not support it. (Appeal from order of Erie County Family Court—support.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.