*Boyd,* 40 AD2d 588). Finally, the earnings of the ex-wife do not affect the requirement of the ex-husband to pay. The separation agreement specifically provides that "Each may for his or her separate benefit, engage in any employment, business or profession as he or she may choose" (see *Swartz v Swartz,* 43 AD2d 1012). Further, the wife at the time of the hearing was unemployed and has been unable to obtain suitable employment. The Family Court's holding in the section 454 proceeding is not inconsistent with its prior and subsequent orders denying modification and forgiveness of arrearages. In order for a court to determine that there has been a violation of a prior order in a section 454 proceeding, it must conclude that the failure to make the support payments was willful *(D'Angelo v D'Angelo,* 57 AD2d 1042; *Matter of Hall,* 35 AD2d 758). The mere fact that the court rules that the failure to pay court ordered payments was not willful and, therefore, does not subject the delinquent payor to incarceration does not necessitate a modification of the divorce decree. Finally, we find that Family Court acted within its discretion in denying the ex-husband's application for forgiveness of arrears since the record as a whole does not support it. (Appeal from order of Erie County Family Court—support.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.

■ FRANCINE V. KURTZ, Respondent, v ROBERT S. KURTZ, Appellant. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Kurtz v Kurtz* (58 AD2d 1006). (Appeal from order of Erie County Family Court—violation of support order.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.

■ FRANCINE V. KURTZ, Respondent, v ROBERT S. KURTZ, Appellant. (Appeal No. 3.)—Order and judgment unanimously affirmed, without costs. Same memorandum as in *Kurtz v Kurtz* (58 AD2d 1006). (Appeal from order and judgment of Erie County Family Court—arrearages.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.

■ In the Matter of GENESEE VALLEY MEDICAL CARE, INC., Appellant, v THOMAS A. HARNETT, as Superintendent of Insurance, Respondent.—Judgment unanimously modified, and, as modified, affirmed, with costs to appellant, and matter remitted to Superintendent of Insurance for further proceedings, in accordance with the following memorandum: Petitioner appeals from the dismissal of its article 78 proceeding brought to review a determination of the Superintendent of Insurance denying its application for increases in Blue Shield medical insurance rates averaging 20.9% and, instead, approving increases averaging 16.2%. The superintendent's determination that the requested increases were "excessive" under section 255 of the Insurance Law and his approval of the smaller increases were based, in part, on his conclusion that petitioner had been making payments, in excess of the maximum limits allowed for such payments by the Medicare Act, to physicians as assignees of claims of petitioner's subscribers under petitioner's complementary Medicare coverage plan. The superintendent directed petitioner to recover "by all appropriate means" such overpayments from all physicians who received them during 1972, 1973, 1974 and 1975 and further ordered that the amount of such overpayments "be set up as a receivable with a corresponding increase in surplus." In computing the lesser rate increases which he allowed, the superintendent considered the estimated amount ($700,000), to be recouped from the physicians, as having been added to surplus and thereby diminished the amount of additional revenues petitioner would need to rebuild its surplus to required levels (Insurance Law, § 256). The superintendent's determination that the ques-