*922 OPINION OF THE COURT
Raymond E. Cornelius, J.
The petitioner-respondent, Meyer M. Weiner, has sought, by an order to show cause, to modify downward a provision contained in a Supreme Court decree of divorce, requiring him to pay alimony in the amount of $175 per week to the respondent-petitioner, Elaine Weiner, who is his former wife. Issue was joined by the service of an answer on behalf of Mrs. Weiner, and pursuant to section 439 of the Family Court Act, the matter was referred to a hearing examiner "to hear and report the issues of support as raised in the petition and answering pleadings”. A hearing was conducted before the hearing examiner in compliance with subdivision (c) of section 439 of the Family Court Act, and thereafter, a report containing the findings of fact was transmitted to the court, and also to the respective parties and their counsel.
The answer submitted in this proceeding contained a cross petition, alleging that the petitioner-respondent was in arrears in making payments pursuant to the alimony provisions of the divorce decree, which was dated March 12, 1973. The hearing examiner reported a finding of arrearage from the date of the divorce decree to June 2, 1978 in an amount of $13,800, and recommended a judgment for that amount. This finding is supported by the credible evidence, and the court, therefore, authorizes and directs the filing of a judgment in that amount.
On the question of modification of current payments, the petitioner-respondent relied, in part, upon the alleged fact that he was no longer in the same business as he was engaged in at the time of the divorce decree, and further, that his annual income had been reduced by approximately $15,000 since the entry of that decree. He claimed that he is now employed as a ski instructor, earning approximately $50 net income per week, and that he had no other income, except for the receipt of mortgage payments, which result from the sale of his business and a building.
The hearing examiner declined to recommend a modification based upon the claimed reduction in income. Specifically, the hearing examiner found that Mr. Weiner’s health was good, but had offered no proof that he had sought employment. Further, it was found that "commensurate with his ability, I believe he can earn substantially more income”.
*923 It should first be recognized that the hearing examiner had the jurisdiction and authority to make these findings. The petition alleged that Mr. Weiner had sold his business because the income potential had decreased as the result of his inability to devote as much energy in later years, as compared to when the business had begun. In addition, Mr. Weiner alleged that he was 58 years old at the time of the petition, could not continue the "physical and mental grind” as required by the operation of the business, and although he had sought other employment, was only able to secure employment as a ski instructor because of his age.
These allegations were denied by the answer, and thus, were raised as issues by the pleadings of the respective parties. Subdivision (b) of section 439 of the Family Court Act grants the Family Court Judge very broad discretion in referring issues of fact to a hearing examiner, except those issues involving custody, visitation, orders of protection, and exclusive possession of the marital home. As previously stated, the order of referral in this proceeding did encompass all issues raised by the pleadings, and therefore, the hearing examiner properly concluded and made findings with respect to Mr. Weiner’s claimed reduction in income.
In cases where the hearing examiner has properly exercised jurisdiction, pursuant to section 439 of the Family Court Act and the order of referral, the findings, as contained in the hearing examiner’s report, should not be rejected unless contrary to the weight of the credible evidence or in error as a matter of law. Under subdivision (e) of section 439 of the Family Court Act, the hearings may be recorded mechanically where the order of referral so provides, and consistent with the practice whenever objections are made to a report, the court has listened to the tape recording made at the time of the hearing. The tape recording in this proceeding clearly reveals that the findings denying Mr. Weiner’s request for a modification, based upon his reduced income, is supported by the weight of the credible evidence. Indeed, the evidence at the hearing disclosed that the annual income from sale of the business and real property is comparable to the income received from the business at the time of the divorce.
Even assuming a reduction in income, the findings are consistent with the prevailing case law on this subject. A husband may not avoid his obligation to support his spouse, or former spouse, based upon a loss of income unless unavoida *924 ble, and the true test would seem to be a person’s ability and income potential, as distinguished from actual income. (Hick-land v Hickland, 39 NY2d 1.) It has been held, for example, that even retirement will not necessarily relieve someone of their obligation involving support. (Espejo v Espejo, 41 AD2d 555; Matter of Grant v Grant, 61 Misc 2d 968.)
The petition in this proceeding also alleges a change of circumstances involving the finances of the former wife. Specifically, it is contended that Mrs. Weiner is presently employed as a night clerk in a motel, from which she receives an income of $135 per week, and was the recipient of one half of the residuary, estate of her father, which amounts to a sum between $110,000 and $125,000. The respondent-petitioner denies that her share of the estate is that amount, but it is conceded that she received a substantial inheritance in an amount of approximately $60,000.
At the time the parties were divorced, the Supreme Court Justice, who granted the decree, made detailed, written findings of fact and conclusions of law. One of the findings was the fact that Mrs. Weiner was essentially a housewife at that time, but was earning approximately $100 per week from working part time in her father’s business. The fact that she is now employed and receiving a net income which is only slightly in excess of that amount would certainly not constitute a substantial change in circumstances. (Brody v Brody, 22 AD2d 646.)* Nevertheless, the fact that Mrs. Weiner received a substantial inheritance from her father’s estate does constitute, in the court’s opinion, a change in circumstance, which requires a new assessment of the support obligation.
In any action or proceeding for divorce or separation, the relative financial status of both parties and the ability of the wife to be self-supporting are relevant factors on the question of the amount of alimony, if any, to be ordered. (Kover v Kover, 29 NY2d 408.) These factors have received statutory recognition by the Legislature, as expressed in section 236 of the Domestic Relations Law, the provisions of which section are also applicable to proceedings in Family Court. (Matter of Steinberg v Steinberg, 18 NY2d 492.) Similarly, the financial resources of each party must be considered upon an application for modification of a provision for support contained in a prior order or decree. (Swartz v Swartz, 43 AD2d 1012.) This is *925 not to say that the increased financial resources of the wife will necessarily justify a downward modification because the amount of the increase may be insufficient within the context of the other circumstances of the case. (Swartz v Swartz, supra.) Nevertheless, the petitioner-respondent should be entitled to a determination as to whether the inheritance by Mrs. Weiner, which the court has found to constitute a change in circumstances, warrants such a modification.
Counsel for the respondent-petitioner has contended that receipt of a portion of the residuary estate does not constitute a change in circumstances because the divorce decree, and more particularly, the findings of fact and conclusions of law which supported the decree, recognized and/or anticipated an interest therein. However, a review of the findings of fact fails to substantiate that contention. The findings of fact do include a finding that Mrs. Weiner was a vice-president and owner of approximately 25% of the capital stock of a corporation, which was largely owned and operated by her father. The estate of Mrs. Weiner’s deceased father includes assets in addition to the stock of this corporation and other property owned in connection with the corporate business. In any event, the findings of fact made reference to the respondent-petitioner being the owner of 25% of the capital stock, which was "unvalued and pays no dividends”, and therefore, fails to indicate that the interest was, in any way, contingent upon the death of the father. Assuming that such a contingency did exist, and further, that the 25% interest in the stock would definitely vest, there is no way to determine the value at the time of the divorce decree. In this regard, it would be unlike an asset which may have some definable value, and which may subsequently be changed in form to liquid assets. (See Matter of Lawrence R. v Muriel R., 89 Misc 2d 666.)
The only remaining question is whether this matter should be scheduled for a full and plenary hearing before a Family Court Judge, as requested in the objection filed to the hearing examiner’s report. Interestingly, subdivision (c) of section 439 of the Family Court Act provides that a Judge may confirm or reject, in whole or in part, the report of a hearing examiner, may make new findings, and may refer any issue back to the hearing examiner for rehearing. Provision is not made for a new hearing before a Family Court Judge, although such discretion would undoubtedly exist. Nevertheless, the intent and purpose of the enactment of section 439 *926 was to relieve some of the burden which has been placed upon Family Court by the increased volume of cases. This purpose would be thwarted by granting a new hearing before the court in cases, such as the instant proceeding, where the hearing examiner has already heard extensive testimony and received numerous and voluminous exhibits.
In this case, the record made before the hearing examiner is sufficient to permit the court to make findings as to the extent, if any, to which the inheritance would warrant a modification of the current alimony.
The court finds that Mrs. Weiner’s share of her father’s estate does constitute approximately $60,000, but is insufficient to require that most of the principal be used for living expenses. However, the interest income derived from the deposit of a certain portion of these funds, which is approximately $2,100 per year, should be a factor. In this regard, income derived from principal received as an inheritance or gift should be viewed differently than income earned by a spouse in an effort to keep intact her own capital assets or to gain some independence and future security. (See Brody v Brody, supra.) In addition, Mrs. Weiner receives one half of a monthly payment of principal and interest on a mortgage which had been held by her father and is part of the estate. This source yields approximately $1,000 per year, and taken together with the afore-mentioned interest income in the amount of $2,100, provides Mrs. Weiner with an average weekly income of approximately $60. The order directing alimony payments in the amount of $175 per week, is therefore reduced accordingly, and effective upon filing of an order based upon this decision together with notice of entry, all future payments will be modified to $115 per week.
In all other respects, except as set forth above, the report of the hearing examiner is confirmed.

 (Affd 19 NY2d 790.)