■ MARILYN KAPLAN, Respondent, v MELVIN KAPLAN, Appellant. — In an action in which the plaintiff wife had been granted a judgment of divorce, defendant appeals from an order of the Supreme Court, Queens County, dated March 13, 1980, which after a hearing on plaintiff's motion, *inter alia,* for a payroll deduction order pursuant to section 49-b of the Personal Property Law, based on arrears of alimony and child support payments, and for counsel fees, and on defendant's cross motion, *inter alia,* to modify the judgment of divorce, granted plaintiff all the relief requested by her, including a judgment for arrears of $9,185 as of January 31, 1979, and failed to grant defendant's cross motion. Order reversed, without costs or disbursements, and action remitted to Special Term for further proceedings in accordance herewith. The March 12, 1975 separation agreement, which provided for weekly alimony payments to plaintiff by defendant of $100 and weekly child support payments of $25 for each of the two infant children, included a provision that the agreement would be incorporated into any divorce judgment and not merged therein. The divorce judgment, dated April 25, 1975, decreed the same payments and provided that the separation agreement "shall survive and not be merged in this judgment." Under these circumstances, plaintiff had a right to a judgment for arrears based upon the amounts set forth in the unmerged separation agreement, regardless of any change in defendant's circumstances (see 19 Carmody-Wait 2d, NY Prac, § 117:41, p 522; *Swartz v Swartz,* 43 AD2d 1012, 1013; *Swartz v Swartz,* 49 AD2d 254, 259; *Iseman v Iseman,* 48 AD2d 809). Although we agree with the trial court's determination that plaintiff is entitled to such a judgment, we must remand as to the issue of the amount thereof since the record is not clear how the sum of $9,185 was computed. The issue of whether plaintiff is entitled to an "Income deduction by court order in support cases" (Personal Property Law, § 49-b) is a more difficult and delicate one. In October, 1977, defendant, based on his claim of a devastating change of circumstances, unilaterally reduced the weekly payments, after he informed plaintiff of his reduced earnings and assets. A year and a half later, in May, 1979, plaintiff sought an income deduction order pursuant to section 49-b of the Personal Property Law, and counsel fees for the proceeding. (She was permitted to amend her application to also seek the afore-mentioned judgment for arrears.) The trial court stated that while it "sympathizes with the defendant's past reversals, it appears that his present financial ability is not impaired to the extent that the Court can find that a substantial change of circumstances does exist." We disagree. Defendant's financial reverses were indeed severe and plaintiff did not deny them. This conclusion does not depend on credibility, so that "the advantages possessed by the trial court in

seeing and hearing the witnesses at first hand" (see 10 Carmody-Wait 2d, NY Prac, § 70:385, pp 648-649) are of no moment. It is based on unquestioned facts, raw mathematical data and the realities of life. In short, the trial court's decision is not supported by the evidence. Plaintiff's entitlement to an "income deduction by court order in support cases" requires, as stated in the statute, "a showing of good cause." * Since the payment of $125 a week was impossible for him to maintain, such failure could not be a predicate of "a showing of good cause" and the fact that plaintiff is entitled to enforce the *contractual* aspects of the support provisions of the separation agreement is irrelevant. In determining whether to issue an income deduction order, a court may find that the proper amount of support upon which to base its conclusion is different from the amount set forth in an unmerged separation agreement and the divorce judgment based thereon and this "does not affect an impairment of any contract right" (see *Swartz v Swartz,* 43 AD2d 1012, 1013, *supra)*. To the extent that plaintiff requests that defendant be subjected to an income deduction order, she is seeking something more than the mere enforcement of her "contract right" derived from the separation agreement. She is requesting the court to grant her one of the special and peculiar remedies available in marital and child support proceedings, and as to those the modification provisions of section 236 of the Domestic Relations Law and section 466 (subd [c], par [ii]) of the Family Court Act apply. It is to be noted that despite a matrimonial judgment based on an unmerged separation agreement, a former wife may obtain an upward modification of the alimony to be paid to her if she were "actually unable to support herself on the amount [t]heretofore allowed," and if she were "in actual danger of becoming a public charge" *(McMains v McMains,* 15 NY2d 283, 284-285). Similarly, as stated in *Morse v Morse* (45 AD2d 370, 373), "a husband who alleges that he is'totally incapable' of meeting his obligations, should have the same right by virtue of his special needs to attempt to reduce the alimony. *McMains v. McMains* cannot stand merely for half of this proposition." Although the hearing court foreclosed a searching inquiry into plaintiff's assets and earnings, there was a full hearing as to defendant's "special needs", his depleted assets and his low earnings. We conclude that as of the time of the inception of plaintiff's motion for, *inter alia,* an income deduction order, he could not be expected to pay more than a total of $75 a week for support of plaintiff and the child. The hearing court, in computing arrears on the issue of whether to grant an income deduction order, should use the figure of $75 a week from the time of the inception of the plaintiff's motion. Upon such computation and the entry of an order thereon, defendant should be allowed 60 days to pay that amount in order to avoid an income deduction order in the sum of $75 a week. Plaintiff may again seek such relief if defendant should fail, *in futuro,* to pay $75 a week. Also, each party is free to seek modification based on a further change of circumstances. We reiterate that the issue of whether an income deduction order should be granted is independent of the plaintiff's right to a judgment for arrears which is to be based upon the amounts set forth in the unmerged separation agreement. We also remand for a

---

* By section 1 of chapter 647 of the 1980 Laws of New York, section 49-b (subd 1, par [a]) of the Personal Property Law was amended, effective June 30, 1980 to add, *inter alia,* that "Proof that the respondent is three payments delinquent establishes a prima facie case against the respondent, which can be overcome only by proof of respondent's inability to make the payments." If this amendment were deemed to apply to this case (where the hearing on plaintiff's motion for a payroll deduction order was held prior to the enactment of the amendment), the record shows that defendant proved his "inability to make the payments".

hearing on the issue as to either party's right to counsel fees from the other, and the amount thereof, if any (see *Childs v Childs,* 69 AD2d 406; *Orr v Orr,* 440 US 268). Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.