■ INA D. EHRLICH, Respondent, v AARON H. DUSHEY, Appellant. — In an action in which the plaintiff wife was granted a divorce, defendant husband appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 17, 1982, as directed him to pay the sum of $9,450 as arrears in child support. Order reversed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Kings

County, for further proceedings consistent herewith. In 1972, the wife commenced a matrimonial action and was ultimately awarded a judgment of divorce which contained provisions requiring the husband to pay child support. Subsequently, the wife remarried, and she and her new spouse expressed a desire to adopt the two children of her former marriage. Meanwhile, the husband had fallen behind in his child support obligations, and the wife moved for a judgment for arrears. On August 2, 1981, the parties appeared and, in open court, a stipulation was entered between the husband on the one hand, and the wife and her new spouse on the other. The stipulation, which was read into the record, provided that the husband would agree to consent and co-operate in the adoption of the two children by the wife and her new spouse. It was further agreed that, in satisfaction of child support arrears which the wife claimed was approximately $18,000, the husband would pay "the sum of $10,000 as follows: $2,500 on Monday, August 6th and $500 per month thereafter to be held in escrow by [the wife's attorney] until the completion of the adoption, or the balence [sic] of $7,500 is paid, whichever comes sooner." It is undisputed that, pursuant to the stipulation, the husband made timely payment of the $2,500 and thereafter made monthly payments until the aggregate held in escrow was $6,000. Meanwhile, in the latter part of 1981, the wife and her new spouse commenced a proceeding for the adoption of the two children. In compliance with the terms of the stipulation, the husband twice executed an agreement of adoption and consent. The husband stopped making monthly payments subsequent to March, 1982, allegedly because he believed that the adoption proceeding was being brought to a conclusion. That proved not to be the case, however. Instead, for reasons which are unclear in the record, the wife and her new spouse did not proceed with the adoption but rather commenced a proceeding to change the surnames of the two children to that of the new spouse. At the request of the wife and her new spouse, the husband signed a consent to such name change on or about April 6, 1982, and an order changing the children's names was entered on or about June 15, 1982. On or about August 15, 1982, the wife moved for the following relief: (1) entry of a judgment in her favor against the husband in the total amount of $27,450; (2) an order directing that the $6,000, then held in escrow by her attorney, be paid to her; and (3) an award of $19,200 as counsel fees. The wife contended in essence that the husband had breached or intended to breach the stipulation and that, therefore, his original obligation for child support was still in full effect. The wife reiterated her contention that, as of the date of the stipulation, the husband was in arrears in the amount of $18,000. In addition, the wife claimed that the husband owed $9,450 in child support from the date of the stipulation to the date of the motion, and, therefore, his total obligation to her amounted to $27,450. The husband maintained that he had complied with the stipulation and that he remained willing to pay the $4,000 which was still due thereunder. In the order appealed from, Trial Term directed the husband to pay the $4,000, and further directed him to pay weekly installments until the additional sum of $9,450 was paid as arrears in child support for the period inclusive of August 16, 1982. The husband now appeals from so much of the order as directed him to pay the $9,450. We reverse. A stipulation entered in open court in a matrimonial action is entitled to great weight and is not lightly to be set aside (see, e.g., *Rado v Rado,* 51 AD2d 811; *Elyachar v Elyachar,* 43 AD2d 832). In the case at bar, it is by no means clear which side, if any, in fact, breached the terms of the stipulation. Nevertheless, without conducting a hearing into the question of the breach, Trial Term granted the wife's motion for arrears in the full amount sought. This was error. Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the stipulation was in fact breached and, if so, which side breached it, and to enter

an appropriate order upon full factual findings. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.