■ SAUL DASH, Appellant, v MARIE DASH, Respondent. — In a matrimonial action in which the defendant wife had previously been granted a judgment of divorce, the plaintiff husband appeals from (1) an order and judgment (one paper) of the Supreme Court, Rockland County (Marbach, J.), entered August 27, 1982, which, *inter alia,* dismissed his application to delete the alimony provisions of the judgment of divorce, and (2) an order of the same court, entered November 5, 1982, which denied his motion pursuant to CPLR 4404 (subd [b]) to set aside the order and judgment. ¶ Order and judgment reversed, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. ¶ Appeal from the order dismissed, without costs or disbursements, in light of the determination on the appeal from the order and judgment. ¶ Special Term erred in refusing to allow plaintiff to call defendant as his witness to substantiate his claim that her financial circumstances had substantially improved since the divorce. While plaintiff's original moving papers only mentioned his own alleged inability to pay, the issue of defendant's financial circumstances was properly before the court based on the alleged increase in her assets as asserted in plaintiff's reply affidavit, to which defendant had responded, and there was no surprise or prejudice to defendant. Further, it is beyond dispute that the financial circumstances of *both* parties are material and relevant on an application to modify the alimony provisions of a judgment of divorce (see *Swartz v Swartz,* 43 AD2d 1012). Special Term further erred in granting defendant's motion to dismiss plaintiff's application, without affording him an opportunity to present his entire case. We therefore remit the matter to Special Term for a hearing at which both parties will have the opportunity to present evidence regarding their respective financial circumstances. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.