■ LOUIS DE PAOLO, Appellant, v CAROL DE PAOLO, Respondent. — In a matrimonial action, plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated January 21, 1983, as, in granting his former wife's motion for a judgment of arrears in the payment of alimony, (1) effectively denied, without a hearing, his cross motion for a modification of the judgment of divorce in order to eliminate the requirement for the payment of alimony, (2) granted that branch of his former wife's motion which sought an income deduction order pursuant to section 49-b of the Personal Property Law, and (3) awarded his former wife counsel fees in the amount of $150 on the motion.

Order reversed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

Plaintiff and defendant were married in 1958 and divorced in 1979 pursuant to a judgment of divorce which incorporated without merger the terms of a stipulation entered into between the parties in open court on June 7, 1979. That agreement provided, *inter alia,* for the payment of alimony by the plaintiff in the amount of $75 per week. In opposition to the defendant's motion for a judgment of arrears, plaintiff did not dispute the accuracy of her allegations of the nonpayment of alimony, but alleged in support of his cross motion to modify the judgment of divorce by eliminating the alimony provisions, a marked deterioration in his own financial condition predicated, *inter alia,* upon an alleged loss of income. This, according to the plaintiff, now renders his former wife's income superior to his own. The defendant, as might be expected, disputed the accuracy of this alleged diminution in income, but at least insofar as we have been able to determine, failed to supply the court with any current income figures of her own. On this state of the record, Special Term, citing its present inability to alter the terms of the stipulation entered into an open court (see *Elyachar v Elyachar,* 43 AD2d 832), summarily granted the defendant's motion, and, by necessary implication, denied plaintiff's cross motion as well.

In our view, this was error.

Notwithstanding the court's inability to alter the terms of the stipulation entered into in open court in the absence of circumstances which have neither been alleged nor proved (see *Elyachar v Elyachar, supra,* p 833), it did possess the requisite authority to alter the terms of the judgment of divorce upon the

plaintiff's demonstration of a substantial change of circumstances (see *Goldman v Goldman,* 282 NY 296; *Kaplan v Kaplan,* 78 AD2d 872; *Kurtz v Kurtz,* 58 AD2d 1006; see, also, *McMains v McMains,* 15 NY2d 283). Accordingly, Special Term erred in summarily denying the cross motion. Such a modification would not, of course, affect the continued validity of the stipulation qua contract (see, e.g., *Goldman v Goldman, supra,* p 305), but it could affect the range of permissible remedies available to the defendant, e.g., her continued ability to obtain judicial enforcement of the $75 per week alimony provision through the mechanism of an income deduction order (see *Kaplan v Kaplan, supra,* p 873).

Turning to the merits of the cross motion, it is impossible to determine on the present state of the record the accuracy of plaintiff's claim of a substantial change of circumstances (cf. *Kaplan v Kaplan, supra; Kurtz v Kurtz, supra*). Accordingly, the matter must be remitted for a hearing at which the conflicting representations which have been made in the parties' moving affidavits can be properly resolved. Only then will the court be able to determine whether a modification of the judgment of divorce is warranted, and whether an income deduction order or an award of counsel fees to the former wife would be appropriate (see *Kaplan v Kaplan,* 78 AD2d 872, *supra*).

We pass upon no other issue. Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.