■ Richard Saffran, Appellant, v Christa Saffran, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated September 30, 1977, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Martin, J.), dated April 16, 1986, which denied his application for a downward modification of alimony upon determining that the parties' separation agreement as amended did not merge with the judgment of divorce but survived independently.

Ordered that the order is affirmed, with costs.

This appeal arises out of the denial of the plaintiff husband's motion for a downward modification of alimony. The parties entered into a separation agreement in 1971 wherein

it was agreed, *inter alia,* that the husband would pay the wife $10,000 per year in alimony and $6,000 per year in child support. The agreement specifically provided that it was to be incorporated in any divorce judgment entered thereafter, but was not to be merged therein. In 1977 the husband instituted divorce proceedings, at which time the parties modified the separation agreement by stipulation entered into in open court. It was agreed that the husband would have custody of the parties' infant son, and the wife would no longer receive child support. Her alimony, however was increased to $15,000 per annum. The terms of the separation agreement, as modified, were incorporated into the 1977 divorce judgment.

We concur with the determination by Special Term that at the time the stipulation was entered into, the parties intended that it would be incorporated in but survive the judgment of divorce *(see, Jensen v Jensen,* 110 AD2d 679).

In any event, under Domestic Relations Law § 236 (A), which is controlling in this case *(see,* Domestic Relations Law § 236 [B] [9] [b]), the husband was required to demonstrate a substantial change in circumstances in order to warrant a modification of the alimony provisions of the divorce judgment *(see, e.g., De Paolo v De Paolo,* 104 AD2d 631). The record supports Special Term's finding that the husband failed to make such a showing. Brown, J. P., Weinstein, Rubin and Kooper, JJ., concur.