*928 OPINION OF THE COURT
James J. Battisti, Jr., J.
Respondent has submitted objections to an order of the Hearing Examiner. The objections specifically refer to an order and findings of fact dated September 30, 1989. The only order and findings of fact entered by the Hearing Examiner is dated September 22, 1989, and it is this order to which the objections actually refer.
The order is a denial of respondent’s motion to dismiss the pending petition to modify a Supreme Court order of child support entered upon the parties’ divorce. Respondent moved for dismissal, inter alla, on the ground that petitioner’s proper forum was via the Uniform Support of Dependants Law (Domestic Relations Law art 3-A), respondent allegedly residing in the State of Florida. Respondent was personally served with the summons and pending petition while in Greene County on military leave. The Hearing Examiner denied the motion to dismiss and directed respondent to provide information as to his availability for a hearing on the petition.
Objections do not lie as of right from such an order.
Family Court Act § 439 (a) provides for the establishment of Hearing Examiners "to hear and determine support proceedings.” Family Court Act § 439 (e) provides that, "[t]he determination of a hearing examiner shall include findings of fact and a final order which shall be entered and transmitted to the parties.” (Emphasis added.) It is further provided that, "[specific written objections to such order may be submitted by either party to the court within thirty days after entry of the order.” (Emphasis added.) Finally, '[t]he final order of a hearing examiner, after objections and the rebuttal, if any, have been reviewed by a judge, may be appealed pursuant to article eleven of this act.” (Family Ct Act § 439 [e]; emphasis added.)
Family Court Act § 1112 (a) provides that, "[a]n appeal may be taken as of right from any order of disposition and, in the discretion of the appropriate appellate division, from any other order under this act.” An order denying a motion to dismiss a support petition is not an order of disposition within the meaning of Family Court Act § 1112 authorizing appeal as of right from an order of disposition (Matter of Zavistowski v Zavistowski, 54 AD2d 986).
The intent of these provisions, read together, appears to be to provide one full route through the appellate process of a *929 final determination of a Family Court Hearing Examiner with respect to a support petition. It does not appear to provide for immediate review by Family Court of each nonfinal order of the Hearing Examiner made in the course of reaching that final determination. Of course, objections filed in response to a final order may bring up for review all matters addressed in the course of the proceeding, including rulings on motions. To permit filing of unlimited interlocutory objections as of right prior to entry of the Hearing Examiner’s final order, however, would run counter to the plain wording of the statute, and would frustrate the very purpose of those sections of the Family Court Act which established the Hearing Examiner program and related provisions, which purpose was to expedite the support process and to relieve some of the burden placed upon Family Courts by increased volume of cases (Matter of Weiner v Weiner, 97 Misc 2d 920). Nor does the wording of the statute expressly provide for discretionary Family Court review of nonfinal orders. In a clear case involving blatant disregard of an obvious lack of jurisdiction, an aggrieved party may have a remedy by way of CPLR article 78. In most cases, such as the present one, review of any errors must await conclusion of the support proceeding before the Hearing Examiner.
The objections are denied, without prejudice to renewal of respondent’s argument upon review of any objections properly filed after a final order. On the record as thus far developed, were the court to address the merits it would appear ample basis for jurisdiction exists, and that petitioner’s remedies under Family Court Act article 4 are in no way restricted by the availability of alternative relief under Domestic Relations Law article 3-A (see, Domestic Relations Law § 41 [1]).