■ MARIA MITCHELL, Respondent, v FRANCIS MITCHELL, Appellant.—In a matrimonial action in which the parties were previously divorced by a judgment dated November 10, 1975, the defendant husband appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated December 13, 1988, which denied his motion, *inter alia,* for downward modification of alimony and support obligations.

Ordered that the order is affirmed, with costs.

In order to obtain a reduction of support or alimony provisions of a judgment of divorce, the party seeking the reduction must establish a substantial change in circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210; *Nordhauser v Nordhauser,* 130 AD2d 561; *Pintus v Pintus,* 104 AD2d 866; *Kurtz v Kurtz,* 58 AD2d 1006; *Swartz v Swartz,* 43 AD2d 1012; *Matter of Rosenthal v Rosenthal,* 36 AD2d 692; *Meyrowitz v Meyrowitz,* 34 AD2d 965).

In the case at bar, the husband has made no showing of a substantial change in circumstances; therefore the denial of his application without a hearing was proper *(see, Kurtz v Kurtz, supra; Swartz v Swartz, supra; Matter of Rosenthal v Rosenthal, supra; Meyrowitz v Meyrowitz, supra).*

There is no merit to the husband's claims of a waiver on the wife's part. While parties may waive their rights which arise under an agreement or judgment, waiver is not created by negligence and may not be inferred from mere silence. What is required is affirmative conduct evidencing a waiver *(see, Thompson v Lindblad,* 125 AD2d 460). As the wife enforced her rights in 1976 and obtained a money judgment against the husband for 18 weeks of arrears, the fact that she did not

institute the instant application for a period of over 10 years does not operate as affirmative evidence of a waiver. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.