■ BARBARA CARR, Respondent, v BRIAN CARR, Appellant.—In a matrimonial action in which the parties were divorced by

a judgment entered May 30, 1989, the defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Coppola, J.), entered January 18, 1991, which granted the plaintiff wife a qualified domestic relations order, and (2) from so much of an order of the same court, dated August 28, 1991, as denied his cross motion to modify the judgment of divorce to provide for the immediate sale of the marital residence rather than in June 1992, and for the downward modification of his child support and maintenance obligations.

Ordered that the appeal from the order entered January 18, 1991, is dismissed, for failure to perfect the same in a timely manner in accordance with the rules of this Court (see, 22 NYCRR 670.8); and it is further,

Ordered that the appeal from so much of the order dated August 28, 1991, as denied the branch of the husband's cross motion which was to compel the immediate sale of the marital residence is dismissed as academic; and, it is further,

Ordered that the order dated August 28, 1991, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

To succeed in an application for a downward modification of his child support and maintenance obligations, a husband must establish a substantial change of circumstances (see, Domestic Relations Law § 236 [B] [9] [b]; see also, Mitchell v Mitchell, 170 AD2d 585). Here, although the wife's annual salary exceeded the Supreme Court's estimation of her earning capacity by a moderate amount, the husband failed to demonstrate a substantial change of circumstances and, thus, the denial of that branch of his cross motion without a hearing was proper (see, Mitchell v Mitchell, supra).

The husband's appeal from the order entered January 18, 1991, is not properly before this Court. Indeed, having failed to timely perfect his appeal from that order, he may not now obtain appellate review of the issues relating thereto. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.