Baker v Henry (2003 NY Slip Op 51484(U))

[*1]

Baker v Henry

2003 NY Slip Op 51484(U)

Decided on September 26, 2003

Family Court, Monroe County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2003

Family Court, Monroe County
In the Matter of REGINA BAKER, Petitioner,
against
RODNEY HENRY, Respondent.
DOCKET NO. F5747-03

Regina Baker, pro se
Rodney Henry, pro se

MARILYN L. O'CONNOR, J.
Rodney Henry filed an objection to the Findings of Fact and Order signed August 1, 2003, by the Support Magistrate and based on the July 28, 2003 hearing. There was no rebuttal. The father's objection states that he cannot afford $300 per month plus health care, which is "too much for one child especially when I have a family of 6 to care for". It further states, "I can no longer care for my 1 yr old baby, and give her a life like I gave Nyesha. The child at issue here, Nyesha Henry, is only 6 years old, having been born November 25, 1996. At age 6, she still needs and is entitled to reasonable support from her father.
The court has reviewed the objection, pleadings, the file and the order, and the Court finds that the father's objection has no merit as a matter of law. Weiner v Weiner (97 Misc.2d 920). The mother by her petition sought child support for Nyesha. She indicated in the hearing that she was not seeking reimbursement for any portion of the child's day care expense, which is $100 per week (since the mother works 12-hour shifts), or for any non-insured medical and dental expense for the child. The father testified that he has Nyesha on his family health insurance policy. However, this does not create an extra expense for him since he maintains a family health insurance policy anyway, by reason of having two other biological children, ages 13 and 1 ½, living with him. The father's wife, who works part-time, and her two children also live with the father and presumably are on his health insurance. The father testified that he also has another biological child not living with him and for whom he pays $56 per week child support. The annual amount of child support paid for this other child was duly subtracted from the father's income before calculating the presumptively correct amount of child support for Nyesha. (Family Court Act, § 413[1][b][5][vii][D]). The $56 child support amount does not in any way limit Nyesha's support to $56 per week.
The Findings of Fact and Order established that the presumptively correct amount of child support is $93 per week. Only $75 per week, or $150 bi-weekly, was ordered. The Support [*2]Magistrate gave the father a variance under the catch-all variance factor (Family Court Act, § 413[1][f][10]), "Any other factor[s] the court determines are relevant in each case". The Support Magistrate implies that she gave the variance because the father has two other biological children in his home and provides health insurance for Nyesha. This basis for a variance here is weak. The Support Magistrate should only have considered the other biological children if variance factor 8 applied (Family Court Act, § 413[1][f][8]). Furthermore, parents are routinely, lawfully required to cover their children under existing health insurance policies (Family Court Act, § 146[c]). The father was fortunate to be awarded a variance regarding basic child support, and he was also fortunate that the mother generously did not seek to have the father pay his pro rata share of day care and uninsured health care expenses at this time or file an objection of her own. It is apparent that this father has more children than he can adequately support. Under such circumstances, he deserves no sympathy for claiming he cannot provide $75 per week for the support of Nyesha, who is apparently his third child, after having fathered a fourth child. The father has a legal responsibility to support all his children until they are 21 not until he has yet another child or too many financial responsibilities, whichever comes first. Nyesha should not be financially short-changed as a result of her father having more children than he can afford.
The order signed by the Support Magistrate, requiring him to pay $150 every two weeks for basic child support and to provide medical insurance if provided by the employer at a reasonable cost, must be confirmed despite the father's objection and because the mother did not object. Because the Support Magistrate failed to expressly find that the presumptively correct amount of basic child support was unjust or inappropriate, and because the mother seemed willing from her testimony to compromise on the amount of basic child support, this court will find that the amount of basic child support was inappropriate. As so modified, the Findings of Fact and Order of the Support Magistrate, signed August 1, 2003, are confirmed.
This constitutes the Decision and Order of this Court.
Signed September 26, 2003, at Rochester, New York.
E N T E R : HON. MARILYN L. O'CONNOR
 FAMILY COURT JUDGE
Decision Date: September 26, 2003