DDEH319 E 115 LLC, Plaintiff-Appellant, 
against
Eliseo Molina a/k/a Eliseo A. Molina Salmeron, Defendant-Respondent.




Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Denise M. Dominguez, J.), entered June 18, 2019, which granted defendant's motion to vacate a default judgment, liens and income execution, deem a proposed answer served, and set the matter down for a pretrial conference.




Per Curiam.
Order (Denise M. Dominguez, J.), entered June 18, 2019, modified, without costs, and motion granted solely to the extent of directing a hearing to determine the amount due pursuant to the parties' stipulation of settlement.
In a so-ordered stipulation settling the underlying plenary action to recover unpaid rent, defendant agreed to pay a total of $3,000 in monthly installments of $150. The stipulation further provided that upon receipt of defendant's final payment, plaintiff would deliver a stipulation discontinuing the action. In the event of a breach by defendant, plaintiff could enter judgment for $6,750 less the amount paid under the stipulation.
Based upon defendant's alleged failure to make the final $150 payment due under the stipulation, a money judgment was entered in favor of plaintiff in the principal sum of $3,900 ($6750 reduced by $2,850 allegedly paid by defendant). Defendant then moved to vacate the judgment, claiming that full $3,000 due under the agreement had been paid. Plaintiff opposed the motion, contending that defendant only made 19 of the 20 required payments totaling $2,850. In the order on appeal, Civil Court granted defendant's motion, vacating the judgment and deeming a proposed answer served.
Stipulations of settlement are favored by the courts and not lightly cast aside (see Hallock v State of New York, 64 NY2d 224, 230 [1984]). In the case at bar, it is by no means clear if defendant made all the required payments due under the stipulation. Nevertheless, without conducting a hearing into the question of the breach, the court vacated the judgment entered in plaintiff's favor pursuant to the terms of the stipulation. This was error (see generally Ehrlich v Dushey, 96 AD2d 823, 824 [1983]). Accordingly, we remit the matter for a hearing (see Jinquan Chen v Style Mgt. Co., Inc., 40 Misc 3d 139[A], 2013 NY Slip Op 51407[U] [App Term, 1st Dept 2013]). We note, however, that in the event it is determined that defendant failed to make the [*2]final payment due under the stipulation, nothing herein shall preclude Civil Court from exercising its discretionary authority to direct a late payment, so as to relieve defendant, who made at least 19 of 20 required payments, of a judgment in an amount far greater that the negotiated settlement (see Bank of NY v Forlini, 220 AD2d 377, 378 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 15, 2019