*878 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to appellant, by reinstating the order for spousal maintenance and, as so modified, affirmed.
In this proceeding brought under article 4 of the Family Court Act for an increase of an alimony award included within a 1966 judgment of divorce, the Family Court had the power to grant relief to the respondent in the form of an order decreasing or even terminating the alimony obligation, notwithstanding the absence of a pending formal request for such relief (see, Domestic Relations Law § 236 [A]; see also, § 236 [B]). Inasmuch as respondent had initially applied for a downward modification, petitioner had adequate notice that such relief was a possibility. Thus, in the absence of some showing of actual prejudice, petitioner cannot complain because the Family Court terminated respondent’s alimony obligation even after respondent had withdrawn his formal request for such relief (see, CPLR 3017 [a]).
Nevertheless, the courts below applied the wrong standard in terminating the alimony award. The Family Court based its decision in part on "changes in the law since 1966[,] evidencing] a change in attitude and thinking” and the provisions of the current Domestic Relations Law permitting maintenance awards that are limited in duration (Domestic Relations Law § 236 [B] [1] [a]). In support of their conclusions that indefinite alimony payments were unnecessary, both courts below also cited the short duration of the parties’ marriage, petitioner’s age at the time of the divorce and the fact that she was then employed. Finally, the Appellate Division noted that petitioner currently holds full-time employment.
Under the case law applicable to this 1966 divorce judgment, an alimony award may be modified only upon a clear and convincing showing of a substantial change in circumstances (Brody v Brody, 22 AD2d 646, affd 19 NY2d 790; see, Kover v Kover, 29 NY2d 408, 413; see also, Domestic Relations Law § 236 [B] [9] [b]). This standard requires a particularized showing of facts concerning the personal and financial circumstances of the parties both at the time of the original divorce settlement and at the present time. The changes in the prevailing social and legal climate that may have occurred since the parties were divorced do not satisfy this standard. *879 Similarly, the requirement of a substantial change in circumstances cannot be satisfied solely by reference to the other personal factors on which the courts below relied, since they are not "changes” and already existed or were reasonably foreseeable at the time of the entry of the divorce judgment.
Indeed, the Hearing Examiner expressly found "there is no proof of the change in circumstances.” Thus, the exercise of the authority to vacate the alimony award was erroneous.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order modified, etc.