■ LINDA M. DUNLAP, Appellant, v ROBERT A. DUNLAP, Respondent. [598 NYS2d 377] —Mercure, J. Appeals (1) from an order of the Supreme Court (Doran, J.), entered September 23, 1991 in Schenectady County, which granted defendant's application to modify his child support obligation, and (2) from the amended judgment entered thereon.

Plaintiff and defendant were married in 1967. The marriage produced two children, Robert, born October 13, 1969, and Mary, born March 6, 1971. As a result of marital difficulties, the parties separated and executed a separation agreement dated March 1, 1983. This agreement was ultimately incorporated and merged into the parties' final judgment of divorce, entered September 27, 1984. As is pertinent to this action, the agreement provided in its paragraph "FIFTEENTH: EDUCATION. The Husband agrees to pay the higher educational expenses for the children, providing said children are willing and able to attend college and/or vocational school. Such education expenses shall include, but shall not be limited to tuition, room and board, books, activity expenses and health fees."

Thereafter, Robert, apparently without consulting defendant, matriculated at Cornell University in the fall of 1987. Two years later, Mary, also without consulting defendant, entered Colgate University. Although unhappy about his children's decisions to enter expensive private universities, defendant paid for all four years of Robert's education at Cornell

and for the first two years of Mary's education at Colgate, expending over $92,000 in the process. Following Mary's first year in college, however, defendant had moved before Supreme Court, in June 1990, for relief from the obligation of college expenses. Supreme Court ordered defendant to pay the children's college expenses for the 1990-1991 academic year. Defendant complied by exhausting his savings, liquidating some shares of General Electric stock and taking out some loans. In August 1991, defendant made the instant motion seeking to modify the judgment of divorce to relieve him of any further obligation to pay Mary's college expenses. Supreme Court granted the motion, basing its decision on a finding that there had been a "sufficient change of circumstances" to justify a modification of the judgment of divorce. Plaintiff appeals.

We reverse. In our view, defendant did not support his application for modification of the child support provisions of the parties' separation agreement and judgment of divorce with a sufficient showing of a "substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]; see, Quinn v Quinn, 145 AD2d 754, 756-757; De Paolo v De Paolo, 104 AD2d 631). Accordingly, Supreme Court should have denied defendant's motion. That defendant would deplete the fund which he established for the children's college education as well as additional personal assets and be forced to incur indebtedness in order to pay for his children's schooling was "reasonably foreseeable at the time of the entry of the divorce judgment" (Matter of Hermans v Hermans, 74 NY2d 876, 879). Although we commiserate with defendant and recognize the inequity of burdening him with sole responsibility for the children's education in the absence of any reasonable control over the selection of colleges and the expense to be incurred, defendant voluntarily accepted this responsibility when he entered into the separation agreement. Finally, we disagree with the dissent's implicit conclusion that a decrease in defendant's annual income from $70,000 to $60,000 of itself constitutes a substantial change in circumstances (see, e.g., Matter of Panetta v Panetta, 75 AD2d 973). Yesawich Jr. and Crew III, JJ., concur.

Harvey, J. (dissenting). We respectfully dissent.

In our view, Supreme Court did not abuse its discretion in determining that defendant demonstrated "a substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]) that justified modifying the parties' judgment of divorce "so as to relieve Defendant from any further obligation to pay

college or higher education expenses for the parties' daughter". It must be remembered that because the separation agreement in this case merged into the divorce decree, this is not simply a matter of strict contract interpretation. Accordingly, while it is true that defendant did undertake to pay for both his children's college educations, it is not reasonable to require him to bankrupt himself to meet that obligation. Plaintiff does not contradict defendant's assertion that defendant has already spent over $93,000 in paying for four years of his son's college education and two years of his daughter's schooling. There can be little dispute that college expenses, especially at private institutions such as those selected by the parties' children, have soared beyond a point that could have been reasonably foreseen at the time these parties made their agreement. It is unfortunate that defendant's savings could not have been stretched further, but defendant's proof on the record indicates that without the excess moneys heretofore provided by the college fund, his diminishing income is insufficient to pay his daughter's expenses without going further into debt. Consequently, it is our view that defendant presented sufficient evidence of changed circumstances to justify the modification made by Supreme Court.

Mikoll, J. P., concurs. Ordered that the order and amended judgment are reversed, on the law, with costs, and motion denied.