■ ELLEN RACZ, Respondent, v ANDREW RACZ, Appellant. [598 NYS2d 513] —Order and judgment (one paper), Supreme Court, New York County (Walter M. Schackman, J.), entered April 23, 1992, which, *inter alia,* granted plaintiff's motion to confirm a Referee's report and awarded the sum of $82,955.17, consisting of arrears of alimony and child support as well as reimbursement for college education, and order of the same court and Justice entered on or about November 16, 1992, which granted plaintiff's motion to resettle the judgment to provide for interest from the date the judgment expenses were due, unanimously affirmed, without costs.

In a pre-equitable distribution case, a judgment providing for alimony and child support may only be modified upon a "clear and convincing showing of a substantial change in

circumstances * * * This standard requires a particularized showing of facts concerning the personal and financial circumstances of the parties both at the time of the original divorce settlement and at the present time" *(Matter of Hermans v Hermans,* 74 NY2d 876, 878). Defendant, who commenced this post-judgment proceeding to terminate all support granted under the judgment of divorce, failed to demonstrate any change in circumstances which would warrant relief. Moreover, in view of his promise to his son Gregory that his college education at Dartmouth would be paid for by him, it was not inappropriate for the court to order defendant to repay the plaintiff for the college expenses which she defrayed for this son's last half of the junior year and all of the senior year. A court may appropriately order college expenses to be paid by a parent where the child's desire and ability for higher education and the parent's ability to afford it, are both established *(see, Devenuti v Devenuti,* 170 AD2d 573). Also, the arrears for child support for his son, Justin, which included summer camps and trips and athletic equipment were items which defendant agreed under the original judgment to pay, and to not unreasonably withhold his consent therefor, and accordingly, it was appropriate to order defendant to pay for these items. Finally, in view of the fact that defendant's refusal to pay for all of these items was willful, it was appropriate to order interest from the date of defendant's default as to each item (Domestic Relations Law § 244). Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Rubin, JJ.