■ Jean M. McCarthy, Respondent, v Dennis McCarthy, Appellant. (Appeal No. 1.) [627 NYS2d 502] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for a termination or downward modification of alimony without conducting a hearing. The parties entered into an oral stipulation awarding plaintiff unallocated alimony and child support of $130 per week and providing that such award would terminate only upon plaintiff's death, remarriage, or cohabitation with an unrelated male. That stipulation merged into the pre-equitable distribution judgment of divorce.

The party seeking a reduction in alimony must present evidence that there has been a substantial change in financial circumstances between the time of entry of the judgment of divorce and the time of the application for modification (see,

*Cooper v Cooper,* 179 AD2d 1035, 1036; *Shipley v Shipley,* 55 AD2d 577, 578). Defendant failed to submit that evidence. The emancipation of the parties' children is not an unforeseen event that automatically requires modification of that portion of a judgment of divorce awarding unallocated alimony and child support *(see, Matter of Hermans v Hermans,* 74 NY2d 876; *Brody v Brody,* 22 AD2d 646, *affd* 19 NY2d 790). Further, plaintiff's increase in income does not constitute a substantial change of circumstances, particularly where, as here, that increase is less than the increase in defendant's income and less than the increase in the rate of inflation *(see,* 2 Foster, Freed and Brandes, Law and the Family New York § 5:13 [2d ed]). Although defendant submitted evidence of his current financial circumstances, he failed to submit evidence of his relative income and expenses at the time of the divorce, and he failed to show that plaintiff's financial situation had changed substantially. (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Terminate Alimony.) Present—Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.