■ PAUL WIGHT, Appellant, v KAREN M. WIGHT, Respondent. [648 NYS2d 799] —Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 27, 1995 in Clinton County, which denied plaintiff's motion for an order terminating his maintenance obligation.

At the time of the parties' divorce in 1985, plaintiff was employed as an administrator by the City of Plattsburgh School District at an annual salary of $45,000. He also earned approximately $2,000 per year from a small auction business. Defendant was employed as a school cafeteria worker at a salary of $6,380 per year, earning an additional $800 from summer employment. In the judgment of divorce, Supreme Court (Viscardi, J.) equitably distributed the marital assets of the parties, including their respective pension benefits, and awarded defendant maintenance of $125 per week. In June 1995, plaintiff sought to terminate the award of maintenance on the basis of a substantial change in circumstances brought about by his early retirement. Supreme Court denied plaintiff's motion and plaintiff appeals.

We affirm. The parties' evidentiary submissions on the motion establish that although plaintiff has retired from his $72,920 administrative position and has no plans for future employment, preferring to "take it easy", he receives net annual pension payments of $37,620 (after deduction of defendant's share), has rental income of $1,800 per year and is currently married to a woman who earns an annual salary of $33,000. In addition, the record discloses that immediately prior to making the instant motion, plaintiff transferred to his second wife real property valued at $114,000 and cash assets valued at over $90,000. Defendant, on the other hand, owns no real estate, earns less than $20,000 per year and is entitled to $18,000 as her annual share of defendant's pension.

In view of the fact that plaintiff's financial situation continues to be substantially more favorable than defendant's, we conclude that plaintiff has failed to make the requisite "clear and convincing showing of a substantial change in circumstances" in the 10 years since the entry of Supreme Court's original order (*Matter of Hermans v Hermans*, 74 NY2d 876, 878; *see*, Domestic Relations Law § 236 [B] [9] [b]), especially given that the change in plaintiff's financial status has been largely self-imposed by his retirement at age 55, his subsequent disinclination to find employment and by his transfer of the bulk of his assets to his second wife (*see*, *Matter of Haviland v Haviland*, 216 AD2d 698). In addition, because plaintiff has failed to make the threshold showing of a substantial change in circumstances warranting a reduction in spousal maintenance (*see*, *Martin v Martin*, 194 AD2d 769, 770) and the relevant facts are not in dispute (*see*, *McGuire v McGuire*, 200 AD2d 825, 826), Supreme Court did not err in rendering its determination without a hearing.

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.