■ In the Matter of JOHN H. STREIT, Appellant, v LOIS P. STREIT, Respondent. [653 NYS2d 986] —Carpinello, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered May 19, 1995, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a judgment of divorce.

After a 22-year marriage, the parties to this action divorced in September 1980. Their separation agreement, dated August 14, 1980 and modified September 17, 1980, was incorporated and merged into their September 23, 1980 judgment of divorce. As pertinent here, the terms of the separation agreement require petitioner to pay respondent "alimony" in the amount of $9,000 annually unless respondent remarries, at which time this obligation would cease. The judgment of divorce provides that its terms are "subject to * * * modification upon a showing of changed circumstances". In March 1994, petitioner sought a modification of the judgment—termination of his spousal maintenance obligation—alleging changed circumstances. The specific changed circumstances were emancipation of the parties' four children, petitioner's subsequent remarriage and respondent's self-supporting status.

Following a one-day hearing before a Hearing Examiner, the

petition was dismissed. Family Court denied the objections filed by petitioner and found that the evidence adduced at the hearing did not warrant a downward modification of petitioner's spousal obligation. Petitioner appeals.

There must be an affirmance. Where, as here, the separation agreement is merged into the judgment of divorce, the judgment may be modified upon a showing of "a substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b]; *see, Dunlap v Dunlap*, 193 AD2d 1025, 1026; *Hofmeister v Hofmeister*, 120 AD2d 802, 803). We are unpersuaded by petitioner's claim that the judgment of divorce itself provides for a lesser burden of proof with respect to modification of his spousal maintenance obligation to respondent. Although the judgment does recite that it is subject to modification "upon a showing of changed circumstances", our examination of this language, when read in the context of the separation agreement (*see generally, Quaranta v Quaranta*, 212 AD2d 683, 684; *Matter of Benny v Benny*, 199 AD2d 384, 386), convinces us that the statutory standard for modifications under Domestic Relations Law § 236 (B) (9) (b) was not intended to be superseded by the parties or Supreme Court. First, although the separation agreement specifically sets forth that petitioner's *child support* obligations "shall be modifiable by either of the parties upon a showing of changed circumstances", no corresponding provision is included in the separation agreement with respect to the issue of spousal maintenance. Moreover, under the separation agreement, the only express event triggering termination of petitioner's spousal maintenance obligation is *respondent's* remarriage (*see, e.g., Brown v Brown*, 226 AD2d 1010).

Upon our view of the record, we find that petitioner failed to support his application for modification with a showing of a substantial change in circumstances (*see, Dunlap v Dunlap, supra*, at 1026). Notably, such a showing cannot be satisfied solely by reference to events that "were reasonably foreseeable at the time of the entry of the divorce judgment" (*Matter of Hermans v Hermans*, 74 NY2d 876, 879). Here, the foreseeability of the parties' four children becoming emancipated is patent (*see, McCarthy v McCarthy*, 214 AD2d 1000). Moreover, in light of the modest amount of annual spousal maintenance awarded to respondent under the separation agreement, it was reasonably foreseeable that respondent would ultimately have to become self-supporting. Consequently, we find that neither of these "changes" constitutes sufficient evidence of changed circumstances to justify modification in this case (*see, Dunlap v*

*Dunlap, supra).* With respect to petitioner's claim that his remarriage warrants modification, this claim is totally speculative. No documentation or evidence was provided by petitioner to demonstrate how and to what extent his remarriage constitutes a changed circumstance or financial hardship warranting modification of the divorce judgment.

In light of the legally deficient nature of defendant's alleged changed circumstances* and the fact that petitioner's "financial situation continues to be substantially more favorable than [respondent's]" (*Wight v Wight*, 232 AD2d 844, 845), we find that petitioner did not sufficiently demonstrate that he was entitled to a modification of his spousal maintenance obligation. Accordingly, Family Court's order should be affirmed.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Indeed, whether the applicable standard to be applied in this case is "changed circumstances" as set forth in the judgment of divorce or "substantial change in circumstance[s]" as set forth in Domestic Relations Law § 236 (B) (9) (b) is of no moment, as we find that petitioner failed to support his application for modification of the spousal maintenance provisions of the parties' merged separation agreement under *either* standard (*see, e.g., Racz v Racz*, 194 AD2d 401 [party failed to show *any* change in circumstances warranting modification]).