■ JUDITH CAMERON, Respondent, v NELSON CAMERON, Appellant. [661 NYS2d 113] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The amount of maintenance awarded to plaintiff reflects an appropriate balancing of plaintiff's needs and defendant's ability to pay, and we decline to disturb Supreme Court's exercise of discretion (*see, Fischer v Fischer*, 199 AD2d 1028, 1029; *Torgersen v Torgersen*, 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709). The court did not err in failing to include plaintiff's receipt of either Social Security benefits or disability payments through Social Security

Supplemental Income as events that would automatically terminate maintenance. Should those events occur and result in a change of plaintiff's financial circumstances warranting modification of the maintenance provisions, defendant may move to modify the judgment accordingly (*see,* Domestic Relations Law § 236 [B] [9] [b]).

We agree with defendant, however, that he is entitled to a credit in the amount of $9,666.72 for a withdrawal made by plaintiff from a joint line of credit with First USA Visa without defendant's knowledge or consent. Plaintiff stipulated that she withdrew the sum of $8,000 from the joint line of credit and failed to account for it. Consequently, we modify the judgment by providing a credit to defendant in the amount of $9,666.72, consisting of the amount withdrawn by plaintiff plus accumulated interest, to be paid from the proceeds of the sale of the marital residence. The record supports the conclusion that plaintiff's withdrawals from the Ford Money Market Account and the Woodlawn Auto Workers Federal Credit Union Account were with defendant's knowledge and were used for family expenditures; therefore, defendant is not entitled to a credit for those withdrawals.

The amount of counsel fees awarded to plaintiff was reasonable. We reject defendant's argument that the court erred in awarding counsel fees without holding a hearing. The parties stipulated that plaintiff's application for counsel fees would be made by written submission, and it does not appear from the record before us that defendant submitted responding papers to plaintiff's application or requested a hearing. (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.— Maintenance.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.