■ ROBERT J. ABLE, Respondent, v JOAN M. ABLE, Appellant. [666 NYS2d 63] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of plaintiff for a downward modification of his maintenance obligation from $625 to $500 per week. In determining whether there is a substantial change in circumstances sufficient to warrant downward modification, "the change is to be measured by a comparison between the payor's financial circumstances at the time of the motion for downward modification and at the time of the divorce or, as the case may be, the time that the order of which modification is sought was made" (*Klapper v Klapper,* 204 AD2d 518, 519). Plaintiff failed to prove a reduction in his income from the time of the divorce to the date of his motion, and, thus, the court abused its discretion in granting the requested relief (*see, Klapper v Klapper, supra,* at 519; *Schnoor v Schnoor,* 189 AD2d 809, 810). The court, however, did not abuse its discretion in awarding defendant only a portion of her attorneys' fees and costs expended in responding to plaintiff's motion (*see,* Domestic Relations Law § 237 [b]; *Rados v Rados,* 133 AD2d 536; *Bushorr v Bushorr,* 129 AD2d 989; *see generally, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Maintenance.) Present—Pine, J. P., Lawton, Hayes, Wisner and Fallon, JJ.