■ CARYN J. BLOCK, Respondent, v JEFFREY A. BLOCK, Appellant. [717 NYS2d 24] —Order, Supreme Court, New York County (Lori Sattler, Spec. Ref.), entered on or about August 25, 1999, which, inter alia, denied defendant husband's motion for a termination or downward modification of maintenance, and granted plaintiff wife's cross motion for awards of camp and educational expenses and attorneys' fees, unanimously affirmed, without costs.

The wife's procurement of employment does not warrant termination or downward modification of the durational maintenance that was scheduled to expire when the parties' youngest child entered kindergarten. While the original order awarding maintenance stated that it would be "difficult" for the wife to return to work before the parties' youngest child entered kindergarten, that possibility was not ruled out, and it certainly was not an unforeseeable event that could not have been taken into account in setting the original award (see, Matter of Hermans v Hermans, 74 NY2d 876, 879; cf., Wheeler

*v Wheeler*, 230 AD2d 844). Nor should the relief the husband seeks be awarded absent a showing of his own financial circumstances relative to those of the wife (*see, Wheeler v Wheeler, id.*, at 845, citing *McCarthy v McCarthy*, 214 AD2d 1000), or of any changes therein making compliance with the original award burdensome (*Matter of Kronenberg v Kronenberg*, 101 AD2d 951). Indeed, the husband's failure to submit a recent income tax return or net worth statement fully warranted the inference drawn by the Special Referee that his financial circumstances are no worse now than they were at the time of the original award (*see, Charpié v Charpié*, 271 AD2d 169, 173). Applying such an inference, the discrepancy in the parties' respective incomes warranted the awards for camp and educational expenses (*see, Manno v Manno*, 196 AD2d 488, 491) and attorneys' fees (*see, Charpié v Charpié, supra*). Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.