■ In the Matter of KELLY M. DUERR, Respondent, v JEFFREY A. CUENIN, Appellant. (Appeal No. 1.) [720 NYS2d 439] —Amended order unanimously affirmed with costs. Memorandum: Family Court properly denied the application of respondent for a downward modification of his child support obligation from $323.16 per week to $240 per week and a reduction

in his responsibility for the children's uninsured medical expenses from 75% to 67%.

It is well established that a party seeking a downward modification of a prior order concerning child support obligations must establish à change in circumstances sufficient to warrant the modification (*see, Shedd v Shedd*, 277 AD2d 917; *Matter of Orange County Dept. of Social Servs. v Meehan*, 252 AD2d 588, 590; Family Ct Act § 461 [b] [ii]). Respondent contends that he satisfied his burden of establishing a change in circumstances with proof that his weekly pay had decreased by 20% from $850 to $680.

However, in determining whether there is a change in circumstances warranting a downward modification, the court must measure the change by a " 'comparison between the payor's financial circumstances at the time of the motion for downward modification and at the time * * * that the order of which modification is sought was made' " (*Able v Able*, 245 AD2d 1026, quoting *Klapper v Klapper*, 204 AD2d 518, 519). Here, although respondent provided the court with information concerning his salary and income for the period prior to July 1997 and the period after July 1997, he did not provide the court with any information concerning his expenses for those periods (*see, McCarthy v McCarthy*, 214 AD2d 1000, 1001). In addition, although respondent's salary decreased in 1997, the record establishes that respondent is employed in the family business and has some input in fixing his own salary (*see, Matter of Moore v Moore*, 115 AD2d 894, 895). The proper amount of support is not determined by a spouse's current economic situation but by a spouse's ability to provide (*see, Matter of Fries v Price-Yablin*, 209 AD2d 1002, 1003; *see also, Kay v Kay*, 37 NY2d 632, 637). Thus, despite respondent's conclusory assertions to the contrary, we conclude that respondent failed to establish a change in circumstances sufficient to warrant a downward modification of his child support obligation. (Appeal from Amended Order of Niagara County Family Court, Batt, J.—Matrimonial.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.