■ In the Matter of SANDY J. DE LUCA, Appellant, v PETER R. RANDALL, Respondent. [726 NYS2d 797] —Mugglin, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered August 16, 1999, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of support.

The parties to this proceeding were divorced by judgment entered in February 1995. Pursuant to an open-court stipulation on December 13, 1994, incorporated but not merged into the judgment of divorce, petitioner was granted primary custody of the two children and respondent agreed to pay, *inter alia*, child support of $700 per week. In 1996, respondent unsuccessfully attempted to obtain a downward modification of his child support obligation based upon a decrease in his adjusted gross income since the time of the divorce. In the present proceeding, as germane to this appeal, respondent petitioned for a downward modification in 1998 asserting that, in 1994, he had net business income of $119,270 but that in 1998, his net business income was only $48,546.

Although the Hearing Examiner imputed income of $87,000 to respondent for 1998, a substantial change in circumstances was found based on respondent's change of income between the date of the stipulation and 1998, resulting in a downward modification of his child support obligation after application of the Child Support Standards Act (*see*, Family Ct Act § 413). Petitioner filed objections, all of which were denied by Family Court, except that objection which pertained to the measuring date for the change of circumstances. Although Family Court believed that the measuring date should be the date of the last order* which considered the issue of child support, downward modification of respondent's child support obligation was sustained since the Hearing Examiner properly considered evi-

---

* The issues raised by the 1996 petition were determined by decision of the Hearing Examiner in February 1998. The finding of no change in circum-

dence of changes in the chiropractic industry which began prior to 1997 and which affected respondent's business income. Petitioner now appeals asserting that the evidence failed to establish a change in circumstances warranting a downward modification.

We affirm. The preliminary issue for resolution is a determination of the correct starting date from which to determine whether there has been a change in circumstances. Respondent asserts that this date is 1994 because his 1994 income was used as the basis for his stipulation to pay $700 a week in child support. Petitioner asserts that it should be either 1995, because the judgment of divorce was entered in February 1995, or 1996, the year in which Family Court previously determined that there was no change in circumstances. Petitioner further argues that since respondent's 1995 income was approximately $82,000, his 1996 income was approximately $79,900 and his 1998 imputed income was $87,000, there is no showing of a change in circumstances.

The record resolves this issue in favor of respondent's position that his 1994 income should be used to determine whether there has been a change in circumstances, despite the existence of the first Family Court order. "Parties to a civil dispute are free to fashion the basis upon which the controversy will be resolved and in so doing they can stipulate away statutory and even constitutional rights, unless public policy is affronted [citation omitted]" (*Matter of Canabush v Wancewicz*, 193 AD2d 260, 262; *see, Town of Orangetown v Magee*, 88 NY2d 41, 54; *Martin v City of Cohoes*, 37 NY2d 162, 165-166; *Nishman v De Marco*, 76 AD2d 360, 368, *appeal dismissed* 53 NY2d 642). Here, the record reveals that after an extended discussion concerning both the admissibility of respondent's tax returns for years prior to and subsequent to the divorce and the validity and effect of Family Court's previous order, the following exchange between the Hearing Examiner, William Simon, counsel for petitioner, and David Swyer, respondent's counsel, appears in the record:

"THE COURT: So, in essence, what you're saying is, I'm going to have to make a determinate [*sic*] that financial status of the parties both in 1994 and currently.

"MR. SIMON: It would seem to me that that's only logical.

"MR. SWYER: You know, I'm going to withdraw my objection and let that go forward.

stances warranting a downward modification in child support was affirmed by Family Court on August 16, 1998.

"THE COURT: Okay."

Thus, the parties agreed to try this case based on a comparison of respondent's 1994 income with his 1998 income. We perceive no affront to public policy by this deliberately charted course which is binding in this case on these parties.

We next recognize the well-settled rule that modification of a prior child support order must be premised upon a demonstrable change in circumstances (*see, Matter of Franklin v Franklin*, 268 AD2d 814). Respondent, as the party seeking a modification of his child support obligation, carries the burden of establishing that an unanticipated or unreasonable change of circumstances has occurred (*see, Merl v Merl*, 67 NY2d 359). Clearly, respondent's evidence has met his burden since he has shown a significant decrease in annual income which results solely from changes in the chiropractic industry beyond his control. Despite his attempts to generate additional income, the uncontroverted evidence establishes that he is able to see fewer patients, the number of patient visits is limited and his income has decreased because of the involvement of insurance companies and health management organizations in the chiropractic field.

Cardona, P. J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.