■ BARBARA L. FENDSACK, Respondent, v WILLIAM J. FENDSACK, Appellant. [736 NYS2d 457] —Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered August 9, 2000 in Chenango County, which, inter alia, partially denied defendant's motion for modification of a prior judgment of divorce.

When plaintiff and defendant were divorced in 1997, the divorce judgment directed defendant to, inter alia, pay plaintiff child support in the amount of $716.13 per month for the parties' one remaining dependent child and permanent maintenance in the amount of $700 a month. In 1999, defendant moved for an order modifying the judgment by reducing maintenance and terminating child support due to a substantial reduction in his employment income and payment of the child's college expenses by an educational trust. After a hearing, Supreme Court found defendant's reduced income to be the result of a voluntary decision to avoid full-time employment and imputed an annual income of $40,000. Supreme Court then adjusted child support accordingly and reduced maintenance by $100 per month due solely to plaintiff's increased income. Defendant appeals and we affirm.

While a parent's child support obligation may be modified when he or she contributes separately to the child's college expenses, this lies within trial court's discretion and the particular facts of the case must warrant such relief (*see, Matter of Houck v Houck*, 246 AD2d 905, 906; *Matter of Haessly v Haessly*, 203 AD2d 700, 702). Here, at the time of their divorce, the parties agreed to equally fund a trust for their child's college education, and their agreement made no provision for an adjustment to child support upon the child's attendance at college. In addition, plaintiff testified that she is responsible for any college expenses not covered by the trust fund, and that she maintains the home and provides for the child's needs when he comes home from college (*see, Matter of Haessly v Haessly, supra*, at 702).

We also find no abuse of Supreme Court's discretion in imputing an annual income of $40,000 to defendant even though his actual income for the prior year was only $21,575. A parent's child support obligation is determined by his or her ability to provide support rather than his or her current income (*see, Matter of Collins v Collins*, 241 AD2d 725, 727, *appeal dismissed and lv denied* 91 NY2d 829; *Orlando v Orlando*, 222 AD2d 906, 907, *lv dismissed and denied* 87 NY2d 1052). The record contains evidence, credited by Supreme Court (*see, Creighton v Creighton*, 222 AD2d 740, 742; *Matter of Pancaldo v Pancaldo*, 214 AD2d 879, 880), that defendant voluntarily accepted semiretirement after losing his former employment, refused available full-time employment for $40,000 to $50,000 annually, thereafter worked only part time, and received the benefit of residing with a girlfriend (*see*, Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; *Matter of Collins v Collins, supra*, at 727).

Further, we find no merit in defendant's contention that Supreme Court should have deducted his court-ordered maintenance payment from his imputed income before calculating the amount of child support. Although deduction is mandated where maintenance is of fixed duration and child support is subject to adjustment once maintenance terminates (*see, Posson v Posson*, 243 AD2d 884, 885), it is not required where, as here, maintenance is permanent and will outlast child support (*see, Huber v Huber*, 229 AD2d 904, 905).

Nor did Supreme Court err in reducing maintenance by only $100 per month. A reduction in the payor's income will not result in decreased maintenance where it is the result of a voluntary action, such as self-imposed retirement (*see, Matter of Di Novo v Robinson*, 250 AD2d 898, 899; *Wight v Wight*, 232 AD2d 844, 845). Thus, the court here properly considered only plaintiff's increased income in determining how much to reduce defendant's maintenance obligation (*see, Matter of Sharlot v Sharlot*, 110 AD2d 299, 300-301; *Matter of Kronenberg v Kronenberg*, 101 AD2d 951, 952).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.