■ Wayne Watrous, Appellant, v Regina M. Watrous, Respondent. [738 NYS2d 771] —Spain, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 16, 2000 in Chenango County, which denied plaintiff's motion to terminate his maintenance obligation.

The parties were divorced in 1995 under the terms of a judg-

ment which, inter alia, awarded defendant a share of plaintiff's pension, maintenance of $150 per week for life or until she remarries, and child support for their daughter which, at the time of the hearing on plaintiff's motion to reduce or terminate his maintenance obligation, amounted to $477 per month. The findings of fact and conclusions of law made by Supreme Court in 1995 reflect that plaintiff was 50 years of age, in poor physical health and earning an annual income of $34,638 from his employment with the state. Defendant was 39 years old and out of work due to a permanent disability suffered in the course of her employment.

In June 2000, at age 55, plaintiff voluntarily retired from state employment and, shortly thereafter, moved to terminate or, in the alternative, reduce his maintenance obligation, asserting as a substantial change in circumstances that he took early retirement due to his poor health and would be experiencing a significant reduction in income. A hearing was held and, at the close of plaintiff's proof, Supreme Court granted defendant's motion to dismiss; finding that plaintiff had failed to establish a sufficient change in circumstances. Plaintiff appeals, and we affirm.

A maintenance obligation established by a judgment of divorce will not be modified absent clear and convincing proof of a substantial change in circumstances (*see*, Domestic Relations Law § 236 [B] [9] [b]; *see also*, *Matter of Hermans v Hermans*, 74 NY2d 876, 878; *Wight v Wight*, 232 AD2d 844, 845; *McGuire v McGuire*, 200 AD2d 825, 826). The record reveals that prior to the 1995 divorce, plaintiff had a heart attack, suffered from severe hypertension and arterial sclerosis, and was medically approved to work but only with a restricted work load and no overtime. At the time of the divorce, Supreme Court was aware of both the medical restrictions on plaintiff's employment and the possibility that his poor health might cause him to retire early. At the modification hearing, plaintiff's treating physician of 15 years testified that, at the time of the 1995 divorce, he recommended to plaintiff that he retire and he continued to so advise plaintiff until his eventual retirement. The doctor opined that during the years following the divorce, plaintiff's hypertension became more difficult to treat, with plaintiff experiencing "intermittent mild angina" related to stress at work, that he developed type II diabetes and he suffered an occlusion of a retinal artery which caused some loss of sight in his right eye. Notably, however, by the time of the modification hearing, plaintiff's overall condition had stabilized.

We reject plaintiff's argument that because his health

problems precipitated his voluntary retirement, the reduction in his income attributable to his anticipated retirement constitutes a sufficient change in circumstances, as the record reflects that he was in poor health at the time of the divorce. Moreover, in determining whether there has been a change in financial circumstances sufficient to warrant any modification of maintenance, the change is "measured by a comparison between the payor's financial circumstances at the time of the divorce and at the time of the motion for downward modification" (*Schnoor v Schnoor*, 189 AD2d 809, 810; *see, Alexander v Alexander*, 134 AD2d 796, 797). The record reflects that plaintiff's annual income at the time of the divorce was $34,638 and, even accepting as true plaintiff's testimony—based upon a pension report which was 17 months old—that his annual share of his pension will be $27,000 per year, the reduction in annual income as a result of his retirement is $7,638. Absent is any showing by plaintiff that his pension benefits will be less than had been anticipated at the time of the divorce. Hence, the roughly 22% reduction in income due to his retirement does not constitute a change warranting termination or modification of his maintenance obligation where, as here, the existing circumstances were foreseeable in 1995 (*see, Matter of Hermans v Hermans*, 74 NY2d 876, 879, *supra*; *Block v Block*, 277 AD2d 87, 87-88; *Matter of Streit v Streit*, 237 AD2d 662, 664).

While under different circumstances a reduction in income or assets might warrant a downward modification of a maintenance obligation (*see, McGuire v McGuire*, 200 AD2d 825, 826), plaintiff failed to establish the existence of such circumstances in this case. Although plaintiff claimed to have certain personal expenses, he did not testify to those expenses, nor has he included his net worth statement in the record. The record is also devoid of evidence that the reduction in his income will substantially diminish his standard of living or his ability to satisfy his maintenance obligation. On the other hand, defendant has shown by her sworn statement of net worth that she continued to be out of work on disability and was in debt as a result of the temporary cessation of her Social Security disability payments due to an overpayment. It is reasonable to conclude that plaintiff's financial situation will continue to be more favorable than defendant's during his retirement. On the record before us, plaintiff failed to establish a substantial change in circumstances (*see, Matter of Streit v Streit, supra* at 664; *Wight v Wight*, 232 AD2d 844, 845, *supra*; *cf., Sitler v Sitler*, 266 AD2d 202; *Cameron v Cameron*, 238 AD2d 925).

Accordingly, Supreme Court did not err in granting defendant's motion to dismiss at the close of plaintiff's case.

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.