■ In the Matter of WAYNE E. WATROUS, Appellant, v REGINA M. WATROUS, Respondent. [742 NYS2d 729] —Spain, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered May 7, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act

article 4, for a downward modification of a prior order of child support.

Petitioner and respondent divorced in 1995 and have one child, a daughter who is now 19 years of age. As part of the equitable distribution of the parties' marital property, the judgment of divorce provides for a Qualified Domestic Relations Order awarding a portion of petitioner's pension to respondent. The judgment also requires petitioner to pay nondurational maintenance in the amount of $150 per week and child support in the sum of $442 per month. In 1998, the parties appeared in Family Court, Chenango County, pursuant to an application by respondent seeking to increase child support and the parties entered into a written stipulation which increased petitioner's child support obligation to $477 per month.

In June 2000, at the age of 55, petitioner voluntarily retired from his employment and filed the instant petition seeking to terminate or, in the alternative, to reduce his child support obligation claiming his retirement and resultant reduction in income as a change in circumstances attributable to his poor health.* Specifically, he sought to have respondent's share of his pension and his maintenance obligation deducted from his income in calculating his child support obligation. Petitioner also contended that he had been abandoned by his daughter— then 17 years of age—who allegedly was emancipated. The issues of abandonment and emancipation were rejected after a hearing by Family Court, which referred the modification of child support issue to a Hearing Examiner. After a fact-finding hearing, the Hearing Examiner dismissed the petition, concluding, inter alia, that petitioner had not demonstrated a change in circumstances which would justify a reduction in child support but, in any event, neither respondent's share of petitioner's pension nor the amount of her nondurational maintenance were deductible from petitioner's income in calculating his child support obligation.

Upon review of petitioner's objections to the Hearing Examiner's determination, Family Court held that, under the facts of this case, neither nondurational maintenance—which, here, will outlast child support (see, Fendsack v Fendsack, 290 AD2d 682, 684; Huber v Huber, 229 AD2d 904, 905)—nor respondent's share of petitioner's pension—itself a function of

---

* Petitioner has previously unsuccessfully argued that his retirement constitutes a change in circumstances in connection with a motion to Supreme Court for, inter alia, a reduction in his maintenance obligation. His application was rejected by Supreme Court and that decision, on appeal, was affirmed by this Court (Watrous v Watrous, 292 AD2d 691).

the equitable distribution of the parties' marital property and not enumerated under Family Court Act § 413 (1) (b) (5) (vii)—were deductible from petitioner's income in calculating his child support obligation. While rejecting petitioner's objections, the court did not address the threshold question of whether petitioner had demonstrated a change in circumstances. Petitioner appeals.

Because petitioner failed to establish an unanticipated and unreasonable change in circumstances, we affirm. It is axiomatic that a party seeking to modify a child support order arising out of an agreement or stipulation must first establish that the stipulation was unfair when entered into or that there has been an unanticipated and unreasonable change in circumstances leading to an accompanying need (see, Matter of Boden v Boden, 42 NY2d 210, 212-213; Matter of McMullen v Ambrosiani, 189 AD2d 973, 974-975). Notably, on this appeal, petitioner makes no claim that the child support agreement was inequitable when executed or that he suffered an unforeseen or detrimental change in circumstances and the record is devoid of any financial documentation upon which such a conclusion could be made. At the hearing, petitioner testified that his annual income at the time of the 1998 stipulation had been approximately $38,000 and that his annual gross pension following his voluntary retirement, which had been anticipated as early as 1995 (see, Watrous v Watrous, 292 AD2d 691), was $34,320, a figure which is actually higher than the $31,836 he had expected to receive annually at the time that he retired in 2000. In our view, the less than 10% foreseeable reduction in petitioner's income resulting from his retirement does not constitute an unexpected and unreasonable change in circumstances warranting a modification of the 1998 child support order.

Having determined that petitioner did not meet his threshold burden, we need not address the arguments raised in his brief relating to what should have been deducted from his income in determining the modified child support obligation that he sought.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, without costs.