■ PATRICIA LEROY, Respondent, v JAMES V. LEROY, Appellant. [747 NYS2d 639] —Appeal from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered March 9, 2001, which, inter alia, denied defendant's application for a downward modification of his child support obligation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied the application of defendant for a downward modification of his child support obligation. It is well established that a court may "modify decrees or orders in respect to child support provisions deriving from a separation agreement incorporated but not merged therein upon a showing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362; *see Matter of Brescia v Fitts,* 56 NY2d 132, 138; *Matter of Boden v Boden,* 42 NY2d 210, 213; *Matter of Hulik v Hulik,* 201 AD2d 909, 909). Here, defendant contends that he established an unanticipated and unreasonable change in circumstances between the date of the parties' oral stipulation that was incorporated but not merged in the judgment of divorce and the date of his ap-

plication for a downward modification. We disagree. Defendant submitted proof that the three businesses that he owned and operated at the time of the stipulation thereafter experienced serious financial problems and that he was forced to sell those businesses and relocate to Florida, where his income was greatly reduced. In determining whether there is a change in circumstances warranting a downward modification of child support, " 'the change is to be measured by a comparison between the payor's financial circumstances at the time of the motion for downward modification and at the time * * * that the order of which modification is sought was made' " (*Able v Able*, 245 AD2d 1026, 1026, quoting *Klapper v Klapper*, 204 AD2d 518, 519; *see Matter of Duerr v Cuenin*, 280 AD2d 903, 904). Although defendant provided the court with some information concerning his financial circumstances at the time of the application for a downward modification, he failed to provide the court with any concrete information concerning his income and expenses at the time of entry of the judgment of divorce and at the time of the application for a modification (*see Duerr*, 280 AD2d at 904; *McCarthy v McCarthy*, 214 AD2d 1000, 1001). In addition, although defendant testified that he experienced serious economic difficulties when his three businesses began to lose money, "[t]he proper amount of support is not determined by a spouse's current economic situation but by a spouse's ability to provide" (*Matter of Fries v Price-Yablin*, 209 AD2d 1002, 1003; *see Kay v Kay*, 37 NY2d 632, 637). Thus, we conclude that defendant failed to establish a change in circumstances sufficient to warrant a downward modification of his child support obligation (*see Duerr*, 280 AD2d at 904).

Defendant further contends that the oral stipulation is not a valid opting-out agreement because he was not properly advised of what his child support obligation would be under the Child Support Standards Act (CSSA) and that he therefore should not be bound by the stipulation. That contention is raised for the first time on appeal and thus is not preserved for our review (*see Fischer v Zepa Consulting*, 263 AD2d 946, 947, affd 95 NY2d 66; *Gorman v Ravesi*, 256 AD2d 1134, 1135; *Walker v Huber*, 254 AD2d 734). In any event, there is no merit to defendant's contention. "It is well settled that the parties to a separation agreement or stipulation may 'opt out' of the provisions of the [CSSA] provided the decision is made knowingly" (*Seda v Seda*, 270 AD2d 475, 476; *see Rosenberg v Erber*, 283 AD2d 417, 418; *see also Ashcraft v Ashcraft* [appeal No. 2], 195 AD2d 963, 964). Here, the record establishes that defendant's decision was made knowingly. Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.