■ In the Matter of ROBERT L. ELLENBOGEN, Appellant, v LISA B. ELLENBOGEN, Respondent. [776 NYS2d 601]—

Spain, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered September 9, 2003, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of child support.

Pursuant to a September 1998 written stipulation between the parties, petitioner is obligated to pay respondent—based upon his anticipated annual income of $45,000—$1,000 per month in child support for their three children, born in 1989, 1991 and 1993. Petitioner retained the marital residence, free of any mortgage, while respondent purchased a home with $220,000 in marital assets and received an additional $150,000 distributive award. The parties, married for 12 years, have joint legal and shared physical custody of the children who, since 1998, alternate weekly between the parties' homes. In addition, petitioner is obligated to pay for the children's health insurance, Hebrew school and college.* The stipulation was thereafter incorporated but not merged into a December 1998 judgment of divorce.

After faithfully fulfilling his child support obligations for 4½ years, petitioner filed a petition in Family Court for a downward modification, seeking to terminate his child support obligations. The petition was based upon the assertedly unanticipated fact that since 1999 his music business had been operating at a substantial loss with no income to him, requiring that he substantially deplete his retirement accounts and incur considerable indebtedness to pay business and personal expenses. Petitioner also claimed that respondent's improved financial condition had been unforeseen, relying on the fact that her annual salary had increased from the $25,700 anticipated in the 1998 stipulation (based upon her part-time salary at that time), to over $40,000.

After a hearing, the Support Magistrate dismissed the petition, finding that petitioner had not demonstrated that the changes in the parties' financial conditions were unforeseen or that he was incapable of earning $45,000 per year, the income anticipated for petitioner in the stipulation. Petitioner filed objections, opposed by respondent and, in a written decision, Family Court upheld the denial of the petition for downward modification and denied the objections.

On petitioner's appeal, we affirm, finding that the proof adduced failed to meet petitioner's burden of establishing either that the parties' stipulation was not fair and equitable when entered into or that an unanticipated and unreasonable change in circumstances had occurred to warrant reducing or eliminating petitioner's child support obligations (see Merl v Merl, 67 NY2d 359, 362 [1986]; Matter of Watrous v Watrous, 295 AD2d 664, 666 [2002]). Petitioner testified that after 16 profitable

---

* The stipulation also awarded respondent $1,000 per month in maintenance for three years.

years of being self-employed in the business of selling prerecorded music and earning on average several hundred thousand dollars per year in the mid-1990s, he lost one of two major wholesale clients in 1997 to bankruptcy causing his taxable income to decrease to $45,000, the figure used to set his anticipated income in the 1998 stipulation. He testified that he had not foreseen that his business would continue its downturn in profitability when he entered the stipulation. Thereafter, in 1999, petitioner lost his other major wholesale client to bankruptcy, resulting in his reported losses of $165,000 in 1999 and reported losses each year thereafter (2000 to 2002) of between $7,500 and $85,000. His testimony establishes that during this almost five-year period of losses, he laid off employees and moved his business twice to reduce business expenses, and had to deplete approximately $225,000 from his retirement accounts and borrow over $300,000 to meet personal and business expenses. Although he testified to having a business plan in place for a year aimed at turning a profit in the business, it has not resulted in any income.

Significantly, "a parent's child support obligation is not necessarily determined by his or her existing financial situation but, rather, by his or her ability to provide support" (*Matter of Lutsic v Lutsic*, 245 AD2d 637, 638 [1997]; *see Matter of Bouchard v Bouchard*, 263 AD2d 775, 777 [1999]). Petitioner's proof did not demonstrate that his decrease in income and respondent's increase were unforeseen. Rather, his business had already experienced a precipitous decline in profitability and loss of a major client at the time he entered into the stipulation (*cf. Matter of De Luca v Randall*, 285 AD2d 684 [2001]). Further, at the time of the stipulation, respondent had just completed her second Master's degree while working part time and there is no evidentiary support for the conclusion that her eventual increased income from an appointment to a full-time teaching position was unforeseen. Moreover, petitioner's inability to earn sufficient income to fulfill his agreed-to child support obligation was not demonstrated (*see Matter of De Luca v Randall, supra*; *Matter of Nickerson v Bellinger*, 258 AD2d 688, 689 [1999]; *Matter of Greenier v Breason*, 251 AD2d 703, 704 [1998]). In fact, petitioner, a college graduate, conceded that he has not inquired about employment within or outside this industry to enable him to meet his support obligations (*see Beard v Beard*, 300 AD2d 268, 269 [2002]; *Matter of Bouchard v Bouchard, supra* at 777-778). As Family Court correctly concluded, "petitioner has an obligation to support his children and that obligation cannot be set aside while [he] continues to try to revive a business which he admits has been losing money since the time of the divorce, almost five years ago."

Finally, we cannot entertain respondent's claims addressed to Family Court's denial of counsel fees, as she did not file a notice of appeal (*see Matter of Wible*, 284 AD2d 622, 624 [2001]).

Mercure, Peters and Carpinello, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is affirmed, without costs.