■ ELIZABETH ETZEL, Now Known as ELIZABETH A. HORN-FECK, Appellant, v PAUL ETZEL, Respondent. [803 NYS2d 219]—

Lahtinen, J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered August 3, 2004 in Saratoga County, which, inter alia, granted defendant's motion to direct plaintiff to execute certain income tax forms permitting defendant to claim the parties' children as dependants.

The parties, who married in 1981 and divorced in 1998, are

the parents of nine children born between 1982 and 1993. During the divorce proceedings, they entered into an oral stipulation and opt-out agreement, the transcript of which was annexed to the judgment of divorce and the terms of which were incorporated but not merged with that judgment. As is relevant in this appeal, the parties stipulated that defendant would pay $250 per week in child support. With respect to the tax exemption for the children, defendant's attorney stated, "I assume that [plaintiff's attorney] discussed that my client would be entitled to the tax exemption for the children, so long as he complied with the IRS rules." The attorney then produced IRS form 8332 and added that "I'd like to be able to give [the form] to [plaintiff] and ask her to execute that today, so we can file our taxes this year." After a brief colloquy with Supreme Court (Williams, J.), plaintiff's counsel stated, "Yes. The understanding is that she is giving the exemption for the children for the immediately [sic] past year of 1997."*

Plaintiff refused to execute form 8332 for the tax year 1998. Defendant then filed an enforcement petition in Family Court seeking to require plaintiff to sign the form for that year and all subsequent years. While the Support Magistrate noted that plaintiff signed the form for 1998 while the petition was pending, he specifically rejected as "not valid" defendant's argument that he was automatically entitled under the agreement to the exemption for each year until all the children were emancipated and held that such issue "should be reviewed by the parties each year and they should seek advise [sic] as to what is meant by IRS rules." Objections to the Support Magistrate's decision and order were filed, but that portion of the decision and order dealing with the exemption issue was not disturbed. During the ensuing years, the exemption issue reportedly continued to be a point of disagreement between the parties and, thus, in April 2004, defendant moved in Supreme Court via order to show cause for an order directing plaintiff to execute form 8332 for the tax year 2002 and all future years. Plaintiff opposed the motion and applied for, among other things, an increase in child support. Supreme Court denied plaintiff's motion, but granted defendant's motion based on its interpretation of the terms of

---

* Form 8332 was promulgated pursuant to Internal Revenue Code (26 USC) § 152 (e) (see 26 USC § 152 [e] [2] [A]). Said section of the Internal Revenue Code (26 USC § 152) was amended by Public Law 108-311, § 201, 118 US Stat 1166 (eff Jan. 1, 2005). While the form 8332 signed by plaintiff for the tax year 1997 is not in the record, we note that versions of the form for later years that are in the record have a section whereby the claim to the exemption can be released not only for the current year, but also for future years.

the oral stipulation as requiring that defendant receive the exemption for the children every year until all were emancipated. Plaintiff appeals.

We reverse that portion of Supreme Court's order that found defendant automatically entitled to the exemption under the oral stipulation and granted defendant's motion directing plaintiff to execute all income tax forms including IRS form 8332 so that defendant could claim the parties' children as tax exemptions for tax year 2002 and every year thereafter. This identical issue was presented to a court of competent jurisdiction when defendant filed his enforcement petition in Family Court. Defendant had a full and fair opportunity to present his case at the trial of that issue and the matter was clearly decided adversely to defendant and no appeal was taken. That prior proceeding, which determined that defendant was not automatically entitled to the tax exemption for the children every year, precludes consideration of that issue in this proceeding (*see Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]; *Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [2004], *lv denied* 4 NY3d 707 [2005]). Whether defendant is entitled to claim the children as tax exemptions depends upon defendant's compliance "with the IRS rules" (*see generally* 26 USC § 152 [e]; Internal Revenue Service Publication Nos. 504 [Divorced or Separated Individuals], 501 [Exemptions, Standard Deduction, and Filing Information]).

Next, we address plaintiff's argument that her application to modify child support should not have been dismissed. "[A] party seeking to modify a child support order arising out of an agreement or stipulation must first establish that the stipulation was unfair when entered into or that there has been an unanticipated and unreasonable change in circumstances leading to an accompanying need" (*Matter of Watrous v Watrous*, 295 AD2d 664, 666 [2002]; *see Matter of Ellenbogen v Ellenbogen*, 6 AD3d 1026, 1027 [2004]). Plaintiff's affidavit was conclusory and unsupported by any documents or allegations indicating a relevant change in circumstances. Nor was any contention made that the stipulation was unfair regarding child support at the time the parties entered into it. In light of these infirmities in plaintiff's application, Supreme Court properly denied her motion.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to direct plaintiff to execute certain tax documents; motion denied; and, as so modified, affirmed.