JANMARIE SPANGLER STEIN-SAPIR, Appellant, v LEONARD R. STEIN-SAPIR, Respondent. [918 NYS2d 44]—

Plaintiff failed to make "a clear and convincing showing of a substantial change in circumstances" since the 1996 denial of her previous application for an upward modification of alimony (*see Matter of Hermans v Hermans*, 74 NY2d 876, 878 [1989]). Inflation is not such a change. In the 1996 decision, the court noted, "That there was inflation was well known to all, long ago at the time of the original judgment." Moreover, inflation is not peculiar to plaintiff's personal circumstances; it is a broader social factor (*see Hermans*, 74 NY2d at 878).

Upon our independent review of the transcript of the hearing before the special referee, we conclude, as did the motion court, that plaintiff was not deprived of a fair hearing.

Contrary to plaintiff's claim, Domestic Relations Law § 236 (B) (5-a) (g) does not unconstitutionally discriminate against women who obtained divorces before the effective date of the statute by relieving women who obtained divorces after the effective date of the need to show a change of circumstances for a modification. As can be seen from its language, the statute applies in limited circumstances not present in this case.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.